DAVID ELMORE

*v.*

DRAINAGE COMMISSIONERS.

*Filed at Springfield November 1, 1890.*

1.  MUNICIPAL CORPORATIONS—*negligence or torts of officers, etc.—cor-
porate liability.*  Municipal corporations proper, such as villages, towns
and cities, which are incorporated by special charters or voluntarily
organized under general laws, are liable to individuals injured by their
negligent or tortious conduct, or that of their agents and servants, in
respect to corporate duties.

2.  SAME—*involuntary quasi corporations—as, counties, townships, etc.
—liability for negligence.*  Public involuntary *quasi* corporations, such
as counties, townships, school districts, road districts, etc., are not liable
to respond in damages in a civil action for neglect in the performance
of duties, unless such action is given by the statute.

3.  These and other *quasi* corporations exist under general laws of
the State, which apportion its territory into local subdivisions for the

purpose of civil and governmental administration, and impose upon the people residing in said several subdivisions, precise and limited public duties, and clothe them with restricted corporate functions, co-extensive with the duties devolved upon them. In such organizations the duties and their correlative powers are assumed *in invitum,* and there is no liability for civil damages for neglect in the performance of such duties.

4. SAME—*drainage district—of its corporate character, and liabilities —remedy for wrongful act of commissioners.* A drainage district formed under the statute of 1879 is not a private corporation, but is a public corporation, and as such is not liable for the negligent or tortious acts of its commissioners. It is not, strictly speaking, a municipal corporation.

5. For damages to a land owner in a drainage district, caused either by the tortious act of the commissioners in discharging additional water into a ditch over his land and overflowing the same, not contemplated in the original assessment of damages against the district, or by negligence or misconduct on the part of the commissioners, the remedy must be personally against the commissioners, and not the district.

6. DRAINAGE LAW—*land taken for ditches—compensation and damages —presumption of payment.* The Drainage law of 1879 provides for compensation for land taken for ditches, and for damages, and these are required to be paid or tendered to the land owner before entry upon his land; and when nothing is alleged to the contrary, it will be presumed that the land owner has been fully compensated for his land taken for a ditch, and damages consequent upon its construction for the purpose originally contemplated.

7. SAME—*enlargement of district—additional burden of water—new assessment of damages.* Where, by the enlargement of a drainage district, an additional burden of water is precipitated upon a party's land to his detriment, it would seem that, prior to the discharge of such additional water upon his land, the damages consequent upon such enlargement should be assessed by a jury and paid by the district.

8. SPECIAL ASSESSMENTS—*referable to the taxing power.* The power to make special assessments is referable to and included in the taxing power, and the purpose of such taxation must be a public one. Even the owner of land benefited can not be taxed to improve it, unless public considerations are involved.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. BEACH & HODNETT, for the appellant:

The drainage district is liable for overflowing the plaintiff's land, as charged in the declaration. *Nevins* v. *Peoria*, 41 Ill. 502; *Jacksonville* v. *Lambert*, 62 id. 519; *Aurora* v. *Gillett*, 56 id. 132; *Pekin* v. *Brereton*, 67 id. 477; *Aurora* v. *Love*, 93 id. 521; *Seibert* v. *Brooklyn*, 10 N. J. 136; *Elgin* v. *Hoag*, 25 Ill. App. 650; *Pye* v. *Mankato*, 36 Minn. 373; Wharton on Negligence, sec. 934.

The defendant corporation having authority by law to construct drains and ditches, the damages to be paid for by assessment under special proceedings, is liable for negligence in the prosecution of such work, to persons damaged thereby. Wharton on Negligence, sec. 262; Gould on Waters, sec. 261; *Child* v. *Boston*, 4 Allen, 41; *Emery* v. *Lowell*, 104 Mass. 13; 109 id. 197; *Daily* v. *New York*, 3 Hill, 531; 3 Denio, 433; *Ashley* v. *Port Huron*, 35 Mich. 296.

The defendant corporation having been organized for the benefit of the land owners of the district, by petition, which called it into existence, is therefore liable under the rule laid down in *Waltham* v. *Kemper*, 55 Ill. 346, and cases cited.

The facts show a damaging of appellant's property by the defendant corporation, which, under the constitution, entitles appellant to compensation. *Rigney* v. *Chicago*, 102 Ill. 64; *Railroad Co.* v. *Ayers*, 106 id. 511; *East St. Louis* v. *Flynn*, 19 Bradw. 64.

Mr. T. N. MEHAN, for the appellees:

The appellees are not liable for such damages as are claimed in the declaration in this case, being a *quasi* corporation. Dillon on Mun Corp. sec. 762; Angell & Ames on Corp. sec. 629; *Hill* v. *Boston*, 112 Mass. 344; *Riddle* v. *Proprietors of Locks and Canals*, 7 Mass. 169; *Cooney* v. *Town of Hartland*, 95 Ill. 516; *Hedges* v. *County of Madison*, 1 Gilm. 567; *Odell* v. *Schroeder*, 58 Ill. 353; *Waltham* v. *Kemper*, 55 id. 346; Cooley's Const. Lim. 247; *Hollenbeck* v. *Winnebago County*,

·95 id. 148; Symonds v. Clay County, 71 id. 355; Addison on Torts, 1298.

No judgment can be rendered against the defendant corporation, because it has no funds out of which such judgment can be made. This is one reason of its non-liability. Hollenbeck v. Winnebago County, 95 Ill. 148; Hedges v. Madison County, 1 Gilm. 567; Comrs. of Drainage v. Kelsey, 120 Ill. 482; Bartlet v. Crozier, 17 Johns. 446.

The defendants are a "body politic" as well as a "body corporate" by the State Drainage law. Hurd's Stat. 1887, sec. 75; Drainage law, sec. 1, Stat. of 1885.

Appellees are not liable under the law of respondeat superior, or the law governing master and servant or principal and agent. Dillon on Mun. Corp. 772, 773; Odell v. Schroder, 58 Ill. 353.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The defendant corporation was organized in the town of Mason City, Mason county, Illinois, under the statute in force July 1, 1879, providing for the organization of drainage districts, and for the construction, maintenance and repair of drains and ditches by special assessments on the property benefited thereby, the commissioners of highways being the drainage commissioners of said district. Appellant, who was plaintiff in the circuit court, is the owner of lands included in said district, and was assessed $800 for draining said lands, and after the payment by him of such assessment, the defendant, without his knowledge or consent, enlarged the boundaries of said district, by taking in a large area of territory, including the greater part of the city of Mason City, which territory had a natural drainage for the water falling thereon, in a direction opposite to the lands of appellant, and defendant, by a system of drainage, collected the water falling on said area, and discharged all said water into the ditches on the lands of appellant, which were too small to carry off the additional water without enlarging the same, and also performed the

work so carelessly and negligently as to overflow and submerge appellant's lands with the water from the territory so added to the district and precipitated upon his lands. He thereby lost the crops planted thereon, and the use of the lands; and having called the attention of the commissioners to the condition of his lands, without avail, he brought this action in case, against the corporation.

The declaration contained three counts, charging substantially the above facts, and negligence on the part of the defendant in the construction of the drains, and in connecting the drains and ditches of the added territory with the drains running through appellant's lands, and negligence in failing to enlarge and give sufficient fall to the drains on appellant's lands, so as to carry off, without damage, the increased volume of water so discharged thereon. A general demurrer was interposed to the declaration, and sustained, and appellant abiding by his declaration, a final judgment was rendered against him for costs. The judgment was affirmed in the Appellate Court, on the ground that the corporation is not liable in an action for the damages claimed in the declaration. The record has been brought here by appeal, and the assignments of error question the propriety of the judgment of affirmance entered in the Appellate Court.

That a private corporation formed by voluntary agreement, for private purposes, is held to respond in a civil action for its negligence or tort, goes without saying; and yet, in deciding the mooted question at issue in this case, it seems convenient to restate that proposition. So, also, it is admitted law that municipal corporations proper, such as villages, towns and cities which are incorporated by special charters or voluntarily organized under general laws, are liable to individuals injured by their negligent or tortious conduct, or that of their agents and servants, in respect to corporate duties. In regard to public involuntary *quasi* corporations the rule is otherwise, and there is no such implied liability imposed upon them.

18—135 ILL.

These latter,—such as counties, townships, school districts, road districts, and other similar *quasi* corporations,—exist under general laws of the State, which apportion its territory into local subdivisions, for the purposes of civil and governmental administration, and impose upon the people residing in said several subdivisions, precise and limited public duties, and clothe them with restricted corporate functions, co-extensive with the duties devolved upon them. In such organizations the duties, and their correlative powers, are assumed *in invitum*, and there is no responsibility to respond in damages, in a civil action, for neglect in the performance of duties, unless such action is given by statute. 2 Dillon on Mun. Corp. secs. 761, 762; Cooley's Const. Lim. *240, *247; *Hedges* v. *County of Madison*, 1 Gilm. 567; *Town of Waltham* v. *Kemper*, 55 Ill. 346.

The grounds upon which the liability of the municipal corporation proper is usually placed, are, that the duty is voluntarily assumed, and is clear, specific and complete, and that the powers and means furnished for its proper performance are ample and adequate. (*Browning* v. *City of Springfield*, 17 Ill. 143.) In such case there is a perfect obligation, and a consequent civil liability for neglect in all cases of special private damage. The non-liability of the public *quasi* corporation, unless liability is expressly declared, is usually placed upon these grounds: that the corporators are made such *nolens volens*, that their powers are limited and specific, and that no corporate funds are provided which can, without express provision of law, be appropriated to private indemnification. Consequently, in such case, the liability is one of imperfect obligation, and no civil action lies at the suit of an individual for non-performance of the duty imposed.

Does the declaration in this cause show a cause of action against the appellee corporation? The solution of this question depends upon the answer to be given to the inquiry, in what class of corporations does appellee fall?

The reclamation of large bodies of swamp and overflowed lands, and their consequent improvement, is justly to be regarded as a matter of public concern. In fact, it was, in 1878, deemed by the people of the State to be of such public importance as to justify an amendment of the constitution of the State, wherein it was provided (by the amendment then made to section 31 of article 4 of the constitution of 1870) that the General Assembly may provide for the organization of drainage districts, and vest the corporate authorities thereof with power to construct and maintain levees, drains and ditches, and to keep in repair all drains, ditches and levees theretofore constructed under the laws of this State, by special assessment upon the property benefited thereby. The act under which appellee was organized, was passed in conformity with the provisions of this constitutional amendment. It will be noted that both the amendment and the act require that the objects to be effectuated by the drainage districts contemplated by them were to be accomplished with funds raised "by special assessment upon the property benefited thereby." The power to make special assessments is referable to and included within the taxing power. (2 Dillon on Mun. Corp. sec. 596; Cooley on Taxation, 430; *White* v. *People ex rel.* 94 Ill. 604; *Allen* v. *Drew,* 44 Vt. 175.) And one of the requisites of lawful taxation is, that the purpose for which contributions are demanded shall be public in their nature. Even the owner of the land benefited can not be taxed to improve it unless public considerations are involved, but must be left to improve it or not, as he may choose. 6 Am. and Eng. Ency. of Law, 10; *Loan Association* v. *Topeka,* 20 Wall. 655; *People* v. *Supervisors,* 26 Mich. 22.

By the act under which appellee was organized, it was required as a condition precedent to such organization that a majority in number of the adult owners of lands lying in the proposed district, and who should also be the owners, in the aggregate, of more than one-third of the lands in such district,

should petition for its formation. It is insisted that for this reason the formation of the district was the voluntary affirmative act of the land owners, and that its organization was for their benefit, and that therefore the corporation is, in its character and aims, essentially a private corporation, and in no sense a corporation *in invitum.* It would seem to be of the essence of a private corporation aggregate, that it is formed by the voluntary agreement of all its members, and that no person can be forced to become a member or stockholder therein *nolens volens.* In the drainage district a bare majority in number of the adult land owners can compel all the land owners who are minors and the minority of adult land owners to become members of the corporation, and subject them to all the corporate burdens, against their will. So, also, the owners of lands which are barely more than one-third of the aggregate lands in such district can make the owners of almost two-thirds of such aggregate lands involuntary members, and render their property liable for assessments. To impose an additional burden upon such unwilling corporators upon the express ground they are voluntary members of the district is akin to irony. As matter of course, the organization is, in part, for the benefit of the land owners in the district, for the special assessments which may be made are limited to the property actually benefited, and further limited to the extent of such benefits; but, as we have already seen, there is also a public benefit, and that it is only by virtue of the drainage being a matter of public importance that the involuntary land owner can be taxed for the improvement. The conclusion must be that a drainage district formed under the statute in force July 1, 1879, is not a private corporation, but is a public corporation.

In *Commissioners* v. *Kelsey*, 120 Ill. 482, and in other cases, it has been held that drainage districts are to be classed as municipal corporations. It is manifest, however, that they are not municipal corporations proper, nor do we regard them

as analogous to such corporations. In the case of an incorporated city a perfect obligation is imposed by the law, and powers and means full, ample and adequate for the discharge of such duty are given. A drainage district, however, is organized merely for a special and limited purpose. Its powers are restricted to such as the legislature has deemed essential for the accomplishment of such purpose, and it is only authorized to raise funds for the specific object for which it is formed, and can do that in no other mode than by special assessments upon the property benefited, which can in no case exceed the benefits to the lands assessed. No funds or means are furnished such district with which to pay damages occasioned to individuals by the tortious or unauthorized acts of the drainage commissioners, and there is no express statutory requirement that it shall be liable for such torts. The duty, then, which was incumbent upon appellee to protect the lands of appellant through which its ditches passed, from inundation, was a duty of imperfect obligation, and one for the breach of which no action for damages lies against the district. The act under which appellee is organized is a general law, and applicable alike to all parts of the State, and under its provisions drainage districts may everywhere be formed. Appellee is to be regarded as a mere public involuntary *quasi* corporation, and the well established and uniform doctrine is, that there is no corporate liability to respond in damages to an individual injured by the negligent or wrongful act of its officers, agents or servants.

It is urged that it is provided in the Bill of Rights contained in the constitution of 1870, that private property shall not be taken or damaged for public use without just compensation. The act of 1879 makes provision for a jury trial, before a jury of disinterested freeholders, to ascertain the value of the land taken, and all damages consequent upon the construction of the proposed work, and also for the procurement by the drainage commissioners of releases in writing of the right of way,

"which shall be a perpetual bar to all claims for damages by the grantor or grantors, or their assigns, on account of the construction of such work." Allowances for right of way and damages are required by the act to be paid or tendered to the land owners before the commissioners are authorized to enter upon the land for the construction of any work thereon, and the amounts thus paid are a part of the entire cost of the work which is assessed upon the lands in the district. Adequate provision is therefore made for just compensation for all private property taken or damaged for public use. Since nothing is alleged by appellant to the contrary, it must be presumed that he was fully compensated for his lands taken for the ditch, and paid all damages consequent upon its construction for the purposes originally contemplated. If, however, by the enlargement of the district, an additional burden of water was precipitated upon his lands, to his detriment, it would seem that prior to the discharge of such additional water upon the lands the damages consequent upon such enlargement should have been assessed by a jury and paid by the district. (*Indianapolis, Bloomington and Western Railroad Co.* v. *Hartley,* 67 Ill. 439; *Board of Trade Telegraph Co.* v. *Barnett,* 107 id. 507.) But in respect to the damages claimed in the declaration, they were either caused by the tortious act of the drainage commissioners in discharging the new and additional waters, which were not had in contemplation in the original assessment of damages against the district, upon the premises of appellant, or occasioned by negligence or misconduct on the part of the commissioners, and the remedy must be personally against the commissioners. It would, as we have already seen, be inconsistent with the fixed rules of law, to hold the district liable for the consequences of the illegal acts of such commissioners.

We find no error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*