SELS v. GREENE et al. (four cases).

(Circuit Court, N. D. California. June 7, 1897.)

RECLAMATION DISTRICTS—LIABILITY FOR NEGLIGENCE.

A reclamation district, being, under the law of California, a corporation of a quasi public character, is not liable to a private action for negligence in the performance of its duties, or for a nuisance.

Bill in Equity to Abate a Nuisance.

Olney & Olney, for complainant.

Elwood Bruner (W. A. Gett, Jr., of counsel), for defendants.

MORROW, Circuit Judge. The bill in equity in this suit was filed to abate an alleged nuisance. A demurrer has been interposed. There are three other cases between the complainant and some of the defendants who are named in the bill in the present suit. One of these is a suit in equity to abate an alleged nuisance, and the other two are actions at law for damages claimed to have been caused by defendants entering upon complainant's lands, and excavating and maintaining ditches thereon, whereby the complainant's lands were flooded. It is understood that the determination of the demurrer in this suit will also dispose of the three other cases. Several questions are raised by the demurrer. The principal question, and the one which, in my judgment, will be conclusive of the cases, is whether or not a suit or action can be maintained against reclamation district No. 551, which is a defendant in each of the cases referred to, and is alleged to have been a tort feasor with the other defendants. It is not disputed that a reclamation district is, under the laws and decisions of the state of California, a corporation of a quasi public character. See section 3446 et seq., Pol. Code Cal.; Dean v. Davis, 51 Cal. 406; People v. Reclamation Dist. No. 108, 53 Cal. 346; People v. Williams, 56 Cal. 647; Lamb v. Reclamation Dist. No. 108, 73 Cal. 125, 14 Pac. 625; Elmore v. Drainage Com'rs, 135 Ill. 269, 25 N. E. 1010. Quasi public corporations of this character are not liable, unless expressly authorized by statute, to private actions for negligence in the performance of their duties. There is no such statute, authorizing suits against

these corporations, in this state. It is true that the rule has been assailed and overruled in other states, and that there is a conflict of authorities on the proposition. But the rule that there is no liability seems to be sustained by the better weight of authority, and has been enunciated by the supreme court of this state. See 15 Am. & Eng. Enc. Law, p. 1143; Sherbourne v. Yuba Co., 21 Cal. 213; Barnett v. Contra Costa Co., 67 Cal. 77, 7 Pac. 177; Chope v. City of Eureka, 78 Cal. 588, 21 Pac. 364; Arnold v. City of San Jose, 81 Cal. 618, 22 Pac. 877. See, also, Elmore v. Drainage Com'rs, 135 Ill. 269, 25 N. E. 1010.

In Chope v. City of Eureka, supra, which was an action to recover damages for alleged personal injuries, caused by the plaintiff falling into an excavation for a sewer within the corporate limits of the defendant, a municipal corporation, Mr. Justice McFarland said:

"It has long been the settled law of this state that a municipal corporation is not liable for personal injuries to individuals, such as that claimed to have been sustained by plaintiff, where there is no statutory provision declaring such liability. There is, no doubt, some conflict of decisions on the question in other states, although it is to be observed that in the New England and some other states there are statutory declarations of the liability. But in California the doctrine above stated has been clearly and continuously adopted; and, if any change in the law is desirable, that change must be made by the legislature; and so far, at least, the legislature has shown no disposition to make the change."

The same views were iterated in the case of Arnold v. City of San Jose, supra.

In Elmore v. Drainage Com'rs, supra, the facts were these: The defendant corporation was organized in the town of Mason City, Mason county, Ill., under the statute in force July 1, 1879, providing for the organization of drainage districts, and for the construction, maintenance, and repair of drains and ditches by special assessments on the property benefited thereby, the commissioners of highways being the drainage commissioners of said district. Appellant was the owner of lands included in said district, and was assessed $800 for draining said lands; and, after the payment by him of such assessment, the defendant, without his knowledge or consent, enlarged the boundaries of said district, by taking in a large area of territory, including the greater part of Mason City, which territory had a natural drainage for the water falling thereon, in a direction opposite to the lands of appellant, and defendant, by a system of drainage, collected the water falling on said area, and discharged all said water into the ditches on the lands of appellant, which were too small to carry off the additional water without enlarging the same, and also performed the work so carelessly and negligently as to overflow and submerge appellant's lands with the water from the territory so added to the district, and precipitated upon his lands. He thereby lost his crops planted thereon, and the use of the lands; and having called the attention of the commissioners to the condition of his lands, without avail, he brought an action on the case against the corporation. It was held, in a well-considered opinion, that the appellee was to be regarded as a public, involuntary, quasi corporation; and that the well-established and uniform doctrine with respect to this class of

corporations was that there is no corporate liability to respond in damages to an individual injured by the negligent or wrongful act of its officers, agents, or servants; and that the district could not be held liable for the illegal acts of the commissioners of such district. The applicability of this case to that before the court is too obvious to require any extended reference. Reclamation districts, like drainage districts, are for the purpose of "the reclamation of large bodies of swamp and overflowed lands, and their consequent improvement is justly to be regarded as a matter of public concern." Elmore v. Drainage Com'rs, 135 Ill. 275, 25 N. E. 1011.

But the case of Lamb v. Reclamation Dist. No. 108, supra, would seem, both upon principle and facts, to settle the question involved as to whether reclamation districts are liable at all, even if suit could be entertained against them. That was an action to abate and remove as a public nuisance a levee erected by the defendant along the west bank of the Sacramento river, and across a place on said bank called "Wilkin's Slough," and to recover damages for the overflowing of plaintiff's land on the other side of the river, about two miles below, alleged to have been caused by said levee. The case, in the trial court, was submitted on certain parts of the pleadings taken as true, and judgment was given for the defendant, from which plaintiff appealed. The court considered two questions:

"Did respondent have the right to construct the levee which it completed in 1872, notwithstanding the damage which was caused thereby, several years afterwards, to appellant's land? And has it the right to maintain said levee, notwithstanding any damage which it may possibly or probably cause to said land hereafter, as apprehended by appellant, and described in his complaint?"

Both of these questions were answered in the affirmative, and it was held that the works of the reclamation district did not constitute a nuisance, and that the defendant was not legally liable for the incidental damage caused thereby, and the judgment of the trial court was affirmed.

The case of Coburn v. San Mateo Co., 75 Fed. 520, referred to upon the argument, and decided by me, must be distinguished from the cases just cited and the case at bar. In that case, a municipal corporation, the county of San Mateo, was held liable for certain acts of trespass by one of the supervisors of the county, committed upon the lands of the complainant. These acts consisted in tearing down a gate, and, by force, keeping a road, leading through this gate, and over complainant's lands, to a pleasure resort called "Pescadero Pebble Beach," open to the public. It was held by me that the road was not a public road, and that the county had no right to commit these acts of trespass, and the general doctrine was applied that a municipal corporation is liable for trespasses or damage done to private property by its officers, in the exercise of powers conferred for the benefit of the locality and its inhabitants, such as those relating to the opening and keeping open of roads, as distinguished from powers relating to the administration of the general laws and the enforcement of the general policy of the state.

The distinction between the two classes of corporations is well stated in Elmore v. Drainage Commissioners, supra, as follows:

"The grounds upon which the liability of the municipal corporation proper is usually placed are that the duty is voluntarily assumed, and is clear, specific, and complete, and that the powers and means furnished for its proper performance are ample and adequate. Browning v. City of Springfield, 17 Ill. 143. In such case there is a perfect obligation, and a consequent civil liability for neglect in all cases of special private damage. The nonliability of the public quasi corporation, unless liability is expressly declared, is usually placed upon these grounds: That the corporators are made such nolens volens; that their powers are limited and specific; and that no corporate funds are provided which can, without express provision of law, be appropriated to private indemnification. Consequently, in such case the liability is one of imperfect obligation, and no civil action lies at the suit of an individual for non-performance of the duty imposed."

Without further discussing the proposition, or the other points raised by the demurrer, which, in the view I have taken of the right to sue the reclamation district in this and the other cases, is unnecessary, I shall sustain the demurrer; and it is so ordered.