## SELS v. GREENE et al.

### (Circuit Court, N. D. California. July 5, 1898.)

### No. 12,224.

ACTIONS OF TORT—JOINDER OF DEFENDANTS—AMENDMENT.

In an action against a certain individual and other parties, including a reclamation district, an allegation that defendants entered upon plaintiff's lands against his will, etc., and excavated a ditch, shows that the gravamen of the action is a joint tort; and as an action may be maintained against one or all of the joint tort feasors, or as many of them as plaintiff chooses, an amendment to the complaint, omitting the reclamation district as a defendant, does not change the cause of action.

This was an action at law to recover damages, and was brought by P. J. Van Loben Sels against Lester D. Greene and others, including reclamation district No. 551. The case was heard on motion to strike from the files the amended complaint, and also on a demurrer to the amended complaint.

Olney & Olney, for plaintiff.

W. A. Gett, Jr., and Elwood Bruner, for defendants.

MORROW, Circuit Judge. This is an action for damages in the sum of $50,000, claimed to have been caused by the defendants entering upon the plaintiff's lands, and excavating and maintaining ditches thereon, whereby the plaintiff's lands were flooded. A demurrer was interposed to the original complaint, which was sustained on the ground that reclamation district No. 551, one of the defendants, was not liable to actions for damages, under the laws of the state of California; being a "public agency" discharging public functions in the reclamation of swamp and overflowed lands. See opinion of the court, 81 Fed. 555. The plaintiff has amended his complaint by omitting reclamation district No. 551 as a defendant, and by omitting, also, Sol Runyon, one of the original defendants, —it appearing that he had died since the institution of the action, —and substituting his executors as defendants in his stead and place. Some other amendments were made, which are unimportant, and need not here be considered.

A motion is now made by the present defendants to strike the amended complaint from the files of the court, and a demurrer has also been interposed. It is contended that the plaintiff, in omitting the reclamation district from the amended complaint, has introduced a new cause of action. The gravamen of the action, from the allegations both of the original and the amended complaint, is that the defendants have committed a tort on the plaintiff's property. It is averred in the amended complaint that "in the years 1894 and 1895 Sol Runyon, now deceased, and the defendants other than Sol Runyon's executors, entered upon the lands of plaintiff, against his will and in defiance of his protest, and excavated, and have ever since maintained, a large ditch or canal," etc. Other allegations of a similar purport follow. From these the deduction is unavoidable that the gravamen of the action is a joint tort; that is to say, that

there was a community of design and action between the defendants in entering upon the plaintiff's lands, and excavating and maintaining a large ditch or canal, as well as other ditches or canals. What part each of the defendants sued took in the trespass, is not specifically stated.. But, to render parties jointly liable on tort, it is not necessary that they should all unite in committing it.   However, there must be some unity between the tort feasors in the commission of the tort; and such unity must be actual, and not casual. Hulsman v. Todd, 96 Cal. 228, 31 Pac. 39.  See, also, Tompkins v. Railroad Co., 66 Cal. 164, 4 Pac. 1165; Learned v. Castle, 78 Cal. 460, 18 Pac. 872, and 21 Pac. 11; Miller v. Ditch Co., 87 Cal. 430, 25 Pac. 550; Dawson v. Schloss, 93 Cal. 198, 29 Pac. 31; Cooley, Torts (2d Ed.) p. 153, and cases there collated.  If it be a joint tort, it is well settled that the plaintiff may sue all of the joint tort feasors, or some of them, or one or each of them, as he may see fit.  See cases cited supra.  Of course, there is the limitation that he can obtain but one satisfaction of judgment as against all of the joint tort feasors.  Therefore the objection urged by the defendants, that the plaintiff, by omitting the reclamation district, has, in effect, introduced a new cause of action, is devoid of merit.  Particularly is this so in view of the fact that the reclamation district was dropped from the case, and omitted in the amended complaint, because of the decision of this court that it was not liable to an action for damages under the laws of this state as they now stand.  Furthermore the practice of adding or striking out the name of a party by amendment is permitted by the Code of Civil Procedure of this state.  Section 473 of that Code provides that "the court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party."  To deny the plaintiff the right of dropping the reclamation district from the case would certainly not be in furtherance of justice; for, this court having held that the reclamation district could not be sued for damages, unless the plaintiff is permitted, by an amended complaint, to omit the reclamation district as a defendant, and sue the remaining defendants, he would obviously be unable to sue the other defendants except by bringing separate actions.  This he certainly is not required to do.

Some further technical objections are raised by the defendants' counsel, to the effect that the absence from the case of the reclamation district creates a misjoinder of parties, and that the complaint, as amended, indicates that the defendants, if liable at all, are responsible for separate torts committed by each, and that, therefore, they should be sued separately.  But these objections are covered substantially by the view I take of the allegations of the amended complaint, viz. that it states the commission of a joint tort.  This view is fatal to the objections raised of misjoinder, and that the defendants should be sued separately.  It is unnecessary to elaborate further on the objections raised.  The motion to strike out will be denied, and the demurrer overruled.