SELS v. GREENE et al.

(Circuit Court, N. D. California. July 5, 1898.)

No. 12,226.

RECLAMATION DISTRICTS—LIABILITY TO SUIT.
  A district organized under Pol. Code Cal. §§ 3440–3491, for the reclamation of swamp and overflowed lands, being a public agency, is not liable to be sued at law or in equity for negligence or for a nuisance. Sels v. Greene, 81 Fed. 555, followed. It seems, however, that the trustees, under whose control and supervision the district is, may be enjoined if they act without authority, or willfully or maliciously.

This was a bill in equity by P. J. Van Loben Sels against Lester D. Greene and others to abate a nuisance. The cause was heard on demurrer to the amended and supplemental bill.

Olney & Olney, for complainant.
W. A. Gett, Jr., and Elwood Bruner, for defendants.

MORROW, Circuit Judge. This is a demurrer to the amended and supplemental bill. A demurrer to the original bill was sustained by this court on June 7, 1897; For opinion, see 81 Fed. 555. The case at bar is a companion case to No. 12,225, also a suit in equity, and to case No. 12,224, 88 Fed. 127, an action at law. The three cases all relate to the same subject in controversy. The two suits in equity are brought by the complainant to abate a nuisance alleged to have been caused by the defendants, including reclamation district No. 551, in excavating and maintaining certain ditches on complainant's lands, whereby they were flooded and damaged. The action at law is brought to recover damages claimed to have been caused by the defendants in entering on complainant's lands, and excavating and maintaining ditches thereon. The demurrer interposed to the amended complaint in the action at law I have considered separately in an opinion handed down to-day. 88 Fed. 127.

The question raised upon the demurrer to the amended and supplemental bill in this and the other suit (No. 12,225) in equity presents the same question which was argued on the demurrer to the original bills in both cases; and that is whether reclamation district No. 551, organized under the provisions of the Political Code of the State of California (sections 3440–3491, inclusive) for the purpose of reclaiming swamp and overflowed lands, can be sued. It was held by me that a reclamation district could not be sued, either at law or in equity. See opinion, 81 Fed. 555. The arguments ably presented on both sides upon the present demurrer do not change the opinion held and expressed by me on the demurrer to the original bill. Reclamation districts organized under the provisions of the Political Code of California (sections 3440–3491, inclusive), while performing, in a sense, public functions, in the reclamation of swamp and overflowed lands, are not public municipal corporations. It may even be doubted whether they may be termed, with absolute accuracy, "quasi public corporations." They appear to be more properly designated as "public agencies" for certain particular purposes, to wit, reclamation of

88 F.—9

swamp and overflowed lands. The nature and functions of reclamation districts organized under the provisions of the Political Code of this state have been carefully considered by the supreme court of the state in People v. Reclamation Dist. No. 551, 117 Cal. 114, 48 Pac. 1016 (the same district proceeded against in the case at bar), and in Hensley v. Reclamation Dist., 53 Pac. 401. In the case last cited it was said:

"They [reclamation districts] have been called 'quasi public corporations.' They are at least 'public agencies.' [Citing People v. Reclamation Dist. No. 551, 117 Cal. 114, 48 Pac. 1016.] But, if considered corporations, they have only such powers and have only such liabilities as are prescribed by the law which creates them. They are not corporations organized under the provisions of the Civil Code. Their characters are determined by the provisions of the Political Code, from which they derive whatever legal existence they have. The law which creates them does not anywhere provide that they may be sued, and they can sue only for one purpose; that is, to collect assessments. There is no provision for perpetual succession, and there are only two or three usual powers of a corporation granted them. If a judgment against a district could be enforced at all, it could be enforced only as against individual owners of land in the district, many of whom are brought into the district against their will; for a district may be formed upon petition of one-half of the landholders within it. The district has no property out of which a judgment could be satisfied. It is, in its essential character, a mere agency."

The point is, however, made, that unless the reclamation district can be enjoined, the complainant will be without remedy to abate the alleged nuisance. The answer to this is that, while the district itself may not be enjoined, the trustees, under whose control and supervision the district is, may be enjoined, provided that they have acted without authority, or willfully and maliciously. No reason occurs to me why the trustees cannot be enjoined, if a proper case be made out against them. They are the representatives of the district,—the public agents, so to speak, under whose authority and supervision the work of reclamation is carried on after the district is organized. It is significant, in this connection, that section 3490 of the Political Code, providing for the bringing of suits against any person who shall injure any levee or other work of reclamation in any district, specifies that the suit shall be brought in the name of the trustees of the district, or, if there be no trustees, then in the name of any landowner in the district. It will be observed that it is not provided that the suit should be brought by the district itself. The demurrer to the amended and supplemental bill will be sustained, and it is so ordered.