PATRICK H. O'DONNELL, ADMINISTRATOR OF THE ESTATE
OF GEORGE C. STOW, DECEASED

*v.*

THE STATE OF ILLINOIS.

*Opinion filed October 1, 1902.*

1. RESPONDEAT SUPERIOR—*doctrine does not apply against State.*
The doctrine of *respondeat superior* does not apply as against the
State; the State is not liable for the acts of its agents.

2. COMMISSION OF CLAIMS—*can allow claims only where legisla-
ture has created liability on part of State.* The Commission of
Claims can allow claims against the State only in cases where by
express statutory provision the Legislature has created a liability
on the part of the State for the acts of its agents, or, rather, waived
the exemption of the State from such liability.

3. MILITIA—*in what cases there is a liability for injury to mem-
ber of.* In order to sustain a recovery for injury to a member of
the National Guard or Naval Militia it must come within the pro-
visions of Sec. 4, of Art. 9, of the Military Code, which provides
that "In every case when an officer, soldier or seaman of the Illinois
National Guard or the Naval Militia of Illinois, shall be killed or
wounded while performing his duties as officer, soldier or seaman,
in pursuance of orders from the Commander in Chief, said officer,
soldier or seaman, or his legal heirs, shall have a claim against the
State for financial help or assistance, and the State Board of Claims
shall act on and adjust the same as the merits of each case may
demand."

From the record in this case it appears that Geo. C.
Stow, deceased, was at the time of his death, a member of
the Illinois National Guard, and that in pursuance of
orders of the Commander in Chief, he was encamped
with his company at Camp Lincoln, near Springfield, on
the 6th day of July, 1901, and on that day was drowned
in the swimming pool at said camp. Testimony was in-
troduced tending to show that the pool was not con-
structed with due regard to safety, and that it "was fur-
nished by the State for the enlisted men to bathe in."
Whether or not either or both these contentions are true
we do not regard as material in determining this case.
It has been held repeatedly by the Supreme Court, and
that ruling followed by this Commission, that the doc-
trine of *respondeat superior* does not apply as against

the State; that the State is not liable for the acts of its agents.

In the case of Ross v. The State, decided by this Commission in 1898, it was said: "that the State cannot be held liable for the acts of its officers, however, negligent, is a rule too well established to admit of controversy"—citing, among other authorities, Schmidt v. The State—Commission of Claims, 1890; State Bank of Chicago, Admr. v. The State—Commission of Claims, 1898; Hedges v. County of Madison, I Gilm., 567; Town of Waltham v. Kemper, 55 Ill., 346; Elmore v. Drainage Com., 135 Ill., 269.

This Commission can, therefore, allow claims against the State only in cases where by express statutory provision the Legislature has created a liability on the part of the State for the acts of its agents; or rather, waived the *exemption* of the State from such liability; and to sustain, a recovery in this case, it must come within the provisions of Sec. 4, of Art. 9, of the Military Code, which section reads as follows:

"In every case when an officer, soldier or seaman of the Illinois National Guard or the Naval Militia of Illinois shall be killed or wounded while performing his duties as officer, soldier or seaman, in pursuance of orders from the Commander in Chief, said officer, soldier or seaman, or his legal heirs, shall have a claim against the State for financial help or assistance, and the State Board of Claims shall act on and adjust the same as the merits of each case may demand."

We interpret this language to mean that to create the basis for a claim under the provisions of this act the following facts must appear: That the National Guardsman or Naval Militiaman for whom relief may be sought was "killed or wounded;" and that he received his injury "while performing his duties as officer, soldier, or seaman;" and "in pursuance of lawful orders."

Whether or not drowning comes within the terms "killed or wounded,"—a question raised on the part of

the State—we are not called upon to decide in this case, for we do not feel that the evidence would justify us in finding that George C. Stow was drowned "while performing his duties," * * * "in pursuance of lawful orders."

To sustain the theory that he was drowned while so engaged it has been contended by claimant's attorneys in their oral and printed arguments that "enlisted men are expected to keep their bodies clean as well as their uniforms and guns," and that "the only place for them to bathe was the swimming pool." We do not feel that the testimony brings the claim within the intent and meaning of the section on which claimant must rely; there is no evidence to show that the deceased, when drowned, was engaged in the performance of a duty in pursuance of orders. On the contrary it would seem from the evidence that swimming was permitted as a privilege rather than ordered or expected as a duty.

To sustain this claim it would be necessary to construe the section quoted as intending to give a basis of claim against the State for every injury occurring at any time, from any cause, during the time of service, without reference to whether the claimant was killed or wounded in the performance of duty, in the execution of lawful orders or whether the injury was due to accident or carelessness on the part of the person injured and while engaged in his own pursuits.

Had it been the intention of the Legislature, in drawing the provisions of the section, to give relief for any injury received during the *term of service,* they certainly would not have used the words that explicitly and clearly make it a condition of recovery that the claimant must have received his injury while performing his duties and in pursuance of lawful orders. Under the statute, as worded, and under the only construction of its wording that seems possible, we are obliged to reject this claim, without prejudice, however, to other relief, and it is expressly ordered that the claimant is not concluded hereby.