RALPH A. GREEN, ADMINISTRATOR, OF THE ESTATE OF FRIEDA REIDEL, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed November 26, 1918.*

RESPONDEAT SUPERIOR—*not applicable to the State.* The doctrine of *respondeat superior* is not applicable to the State. (Henke v. State, 2-C. C. II, followed.)

GOVERNMENTAL FUNCTION—*Starved Rock Park.* The State in operating the Starved Rock Park exercises a governmental function and is not liable for the acts of its agents, servants or employees.

LESSOR AND LESSEE—*lessor not liable.* The State as a lessor of its property is not liable for the negligence of the lessee where the injury complained of was not caused by any of the employees of the State, or by a defect in the leased premises.

SAME—*acts committed by strangers.* Acts committed by strangers who were admitted to the leased premises does not create any liability against the State.

WORKMAN'S COMPENSATION ACT—*no liability under.* The State is only liable in cases which fall clearly within the provisions of Section Three (3) of said Act.

JURISDICTION—The Court is without jurisdiction to allow a claim unless the facts show a legal or equitable liability against the State.

Edward J. Brundage, Attorney General, for State.

The administrator of the estate of Frcida Reidel files this claim for $10,000, alleging that through the carelessness of the State, said Frieda Reidel was drowned at Starved Rock State Park at LaSalle County, Illinois, on July 6, 1916. The deceased was 21 years of age and was employed by the Western Clock Company at Peru, Illinois, and while on her vacation, in company with four of her friends, spent the day at Starved Rock State Park, and while there, went in bathing with her friends in a lagoon or bathing pool which it appears was leased by the State to one W. E. Crosiar at a yearly rental. The deceased and her friends applied to the person in charge at the bath house and paid the admission fee for a permit to bathe and swim in said pool. While in said pool, five men, strangers to the deceased and her friends, came into the said pool and while the said deceased and her friends were on a raft in said pool, pushed said raft out into deep water and then upset said raft, throwing said deceased and her friends into the water. The deceased was drowned, but her friends were rescued. The strangers immediately left the pool and have not been heard from since.

Claimant in his argument, takes the position that the State is liable because it leased the said bathing-pool privileges for a certain rental and that it was the duty of the State to have someone in charge of the

pool at all times, to protect persons bathing therein. It is admitted that there was a rope and a sign indicating the places of shallow water and of deep water in said pool or lagoon, and that the death of the deceased was not caused by any of the employees of the State or by any defect in the said bathing pool, but that her death came from the acts of strangers who were admitted to said pool on the same terms as the deceased and her friends.

The State, through its Attorney General, has filed a general and special demurrer to the declaration in this case on the grounds that the doctrine of *respondeat superior* is not applicable to the State, and also that in the absence of Statute, the State is not liable for the torts of its officers, agents or employees. The Supreme Court of this State, in the case of *Elmore* v. *Drainage Commissioners,,* 135 Ill. 269, has held that the doctrine of *respondeat superior* does not apply to the State, and the Court of Claims in the following cases has held that the doctrine of *respondeat superior* is not applicable to injuries sustained because of negligence of servants of the State:

> *Jasper* v. *State,* 2nd Court of Claims, 323.
> *Allen* v. *State,* Opinion filed October session, 1906.
> *Henke* v. *State,* 2nd Court of Claims reports, page 11.

We are of the opinion that under the Act of 1917, creating a Court of Claims, this Court has no jurisdiction of this case. In operating the Starved Rock State Park, the State was exercising a governmental function and this Court has held in the case of *Morrissey v. State,* Vol. 2 Court of Claims, 267, that there can be no recovery arising in tort in State institutions. In the *North case,* 201 Ill. App. 449, cited in the State's brief, the Court held that the State could only be liable under the Workmans Compensation Act in cases that came within the provisions of section 3 of said Act. The case at Bar does not come within the provisions of section 3 of said Act and we are of the opinion that the Court of Claims Act does not repeal or abolish the rule, that the doctrine of *respondeat superior* is not applicable to the State. In our opinion there is no liability on the part of the State in this case. The demurrer to the declaration will be sustained, the case dismissed and this claim rejected.