JEANNE EDGAR

*v.*

STATE OF ILLINOIS.

*Opinion filed November 26, 1918.*

RESPONDEAT SUPERIOR—*not applicable to the State.* The ·State, in the absence of a statute, is not liable for the torts of its officers, agents or employees.

Edward J. Brundage, Attorney General, for State.

This claim is filed by Jeanne Edgar, the surviving widow of Maxwell Edgar, deceased, against the State, for $20,000 damages for the death of her husband, Maxwell Edgar. Said Edgar was a lawyer by profession and a resident of Chicago. On April 6, 1917, he was committed to the State Hospital for the Insane at Elgin, Illinois, suffering from Paresis. On April 29, 1917, while an inmate of said hospital, it is alleged that he came to his death by wounds upon his body and abdomen inflicted by one or more employees employed by the authorities of said State Hospital for the Insane, at Elgin, Illinois.

The State, through the Attorney General, has filed a general and special demurrer to the declaration or statement filed in this cause, setting up as grounds or demurrer (1) that the doctrine of *respondeat superior* is not applicable to the State in this cause, and (2) that in the absence of Statute, the State is not liable for the torts of its officers, agents or employees, and in support of said demurrer, has filed a statement and brief. It does not appear that the claimant has filed any argument or brief in support of the declaration.

On consideration of the statement of facts set forth in the declaration and the demurrer and the brief of the Attorney General, it seems clear to us that there is no liability on the part of the State in this cause. In the case of *Elmore* v. *Drainage Commissioners,* 135 Ill., 269, the Supreme Court of the State has held that the doctrine of *respondeat superior* does not apply to the State, and the Court of Claims in previous opinions, has in the following cases held that the doctrine of *respondeat superior* is not applicable to injuries sustained because of negligence of the servants of the State:

*Jasper* v. *The State,* 2nd Court of Claims, 323.

*Allen* v. *The State,* Opinion filed October session, 1906.

The State, in the conduct of the Elgin State Hospital for the Insane at Elgin, Illinois, exercises a governmental function and this Court has held that there can be no recovery arising in tort in such institutions.

This rule has been followed in the case of *Morrisey* v. *The State,*

—2 C C

Vol. 2, Court of Claims, 267, in the case of *Taylor* v. *The State,* Vol. 2, Court of Claims, 243, and in the case of *Henke* v. *The State,* Vol. 2, Court of Claims, 11.

We are therefore of the opinion that there is no liability on the part of the State in this case. The demurrer to the declaration is therefore sustained, the cause dismissed and this claim rejected.