SAM C. ARNOLD, Respondent, v. WORTH COUNTY DRAINAGE DISTRICT, No. 1, a Corporation, Appellant.

Kansas City Court of Appeals. November 7, 1921.

DRAINAGE DISTRICTS: Quasi Public Corporations: Negligence: Drainage Districts are not Private Corporations, but Quasi-Public Corporations, Classified with Counties, and are out Only Liable for Negligence in Construction of Public Bridges Where Made so by Statute. Drainage districts incorporated under Laws of 1913 are not private corporations, but *quasi*-public corporations and governmental agencies, constituting political subdivisions of the state, and are to be classified with counties and road and school districts, hence an action for damages for injuries sustained by plaintiff on account of defective condition of a temporary bridge erected by defendant across a road, as required by Section 4406, Revised Statutes 1919, providing that the district shall construct bridges, cannot be maintained as no cause of action is given by such section, or under general statutes, for damages for the negligent failure to so construct, or its negligence in maintaining a defective bridge constructed by others.

Appeal from the Circuit Court of Worth County.—*John M. Dawson, Judge.*

REVERSED.

*Kelso & Kelso* for appellant.

*Dubois & Miller* and *J. E. Engle* for respondent.

BLAND, J.—This is an action for damages. The facts show that defendant is a drainage district organized under the Drainage Law of 1913 (Laws of 1913, p, 232). In May, 1920, defendant in carrying out its plan of drainage dug its main ditch over a much used public road completely obstructing it. Defendant failed to erect a suitable bridge within ten days after crossing the road with its ditch as required by the statute (Sec. 4406, R. S. 1919). The board let a contract to build the bridge but the material was delayed, so persons in the neighborhood, including a member of defendant's board of supervisors, in May, 1920, or the first of June of that year, erected a temporary bridge which was defective in that it was several feet below the surface of the highway, the south or down stream side was two feet and three inches below the north side; it was without sides or barriers and was unsteady and unstable. Plaintiff came along seated in a wagon loaded with merchandise and attempted to cross the bridge but on account of its defective condition the wagon fell from the bridge injuring the horses, merchandise and plaintiff personally, resulting in this suit to recover damages for all of said losses. There was a judgment for plaintiff in the sum of $137.50 and defendant appealed.

The petition alleges that defendant negligently failed to erect a bridge as required by the statute and negligently built a defective bridge and negligently permitted a defective and dangerous bridge to be constructed.

It is contended that the court erred in failing to give defendant's instruction in the nature of a demurrer to the evidence. We think the contention is well taken. Drainage districts incorporated under the laws of 1913 are not private corporations but *quasi*-public corporations. They are public governmental agencies and constitute political subdivisions of the state. [Arthaud v. Grand River Drainage Dist., 232 S. W. 264; Morrison v. Morey, 146 Mo. 543, 560; Land and Stock Co. v. Miller, 170 Mo. 240, 258; Wilson v. Drainage and Levee Dist., 237 Mo. 39, 46; Nauman v. Drainage Dist., 113 Mo. App. 575; Squaw Creek Drainage Dist., v. Turney, 235 Mo. 80, 90; In re Little River Drainage Dist., 236 Mo. 94.]

The districts act as an arm of the State in building or failing to build the bridge required by the statute and are to be classified with counties, road districts and school districts. While a drainage district is organized by petition of the holders of the majority of the acreage therein (all holders of real estate need not join but some may object), it is universally held to be an arm of the State and is no more liable for negligence than would be the State.

The law relative to the lack of responsibility of such corporations to respond in damage for negligence such as is complained of in this case is well settled and fairly stated in II Farnham on Waters and Water Rights, pp. 1145, 1146—

"Municipal corporations are by statute generally made liable for their acts of negligence the same as private individuals. When the question arises, however, as to the liability of a county or drainage district, a different principle applies. Such organizations are merely subdivisions of the State and they cannot be sued any more than the State can, unless authority to bring the suit is granted by statute. Therefore, in determining whether or not they are liable for their negligent acts, attention must be given to the provisions of the statute. Unless a county is made liable, either by general statu-

tory provisions or by the statute under which it attempts to carry on drainage proceedings, no suit can be brought for injury caused by it; but the action must be against the officials causing the injury." [See, also, 3 Abbott on Muncipal Corporations, secs. 955, 973; Nugent v. The Board of Mississippi Levee Commissioners, 58 Miss. 197; Hensley v. Reclamation Dist., No. 556. 121 Cal. 96; Sels v. Greene, 88 Fed. 129, 81 Fed. 555; Board of Improvement of Sewer Dist. No. 2 v. Moreland, 127 S. W. 469 (Ark.) ; Lamar v. Road District, 201 S. W. 890 (Mo.) ; 14 Cyc. 1057; 10 Am. & Eng. Ency. of Law (2nd Ed.), p. 235.]

While the statute, supra, provides that the district shall construct the bridge, no cause of action is given for damages for its negligent failure to do so, or its negligence in maintaining a defective bridge constructed by others. No doubt the Board of Supervisors could be compelled to erect the bridge but no cause of action against the district arises for damages caused by its neglect to do so. There are two cases which apparently announce an exception to the rule supra laid down by Farnham. They are the cases of Bradbury v. Vandalia Drainage District, 236 Ill. 36, and Bruntmeyer v. Drainage District, 196 Mo. App. 360. In these cases the drainage districts were sued for so constructing their dikes, drains and ditches as to unlawfully flood property not in the drainage district and the courts held that to deny a recovery by the damaged property holder would be depriving him of his property without compensation therefor, contrary to the Constitution as no other method of compensation was provided. These cases do not allow recovery on the theory of negligence on the part of the district or its board of supervisors but on account of the adoption of plans in the establishment of the district.

There is no question but that defendant is not liable in this action and the judgment is reversed. All concur.