ANNIE JOHNSON et al., Respondents, v. INTER-RIVER DRAINAGE DISTRICT, a Public Corporation, Appellant.

In the Springfield Court of Appeals, January 7, 1924.

DRAINS: District Liable for Injuries to Land Outside District by Obstructing Natural Watercourse. A drainage district may be sued for damage to land outside the district resulting from obstruction by its improvements of a natural watercourse diverting water therefrom.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing,* Judge.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*Oliver & Oliver* for appellant.

*Welker & Mulloy* for respondents.

FARRINGTON, J.—This is a suit by the owners of a lot situated in the eastern part of Poplar Bluff, Missouri, to recover damages against the defendant on account of its alleged construction of a levee and borrowpit which it is charged in the petition diverted the waters of a water way thereby causing plaintiff's land to be overflowed. A judgment for $1500 was recovered in the trial court and defendant brings its appeal to this court.

The same act of defendant was brought before this court in the case of Schalk v. Inter-River Drainage District, 226 S. W. 277, and Lee v. Inter-River Drainage District, 226 S. W. 280. Much of the same evidence is contained in this record as was contained in the former two cases. In those cases we held that there was evidence upon which could be based a finding that a natural water-way had been obstructed and the water diverted therefrom. And, we further held that one whose property or land lay outside of the drainage district and to which was caused damage might sue and recover for such damage under the constitutional provision that private property cannot be taken for public use without just compensation. We followed the same holding in the case of Greenwell v. Wills & Sons, 210 Mo. App. 651, 239 S. W. 578.

Again, in the case of Noble, Sigler et al., v. Inter-River Drainage District, an opinion has been prepared by BRADLEY, J., and is handed down with this opinion, adhering to our former ruling in the Schalk, Lee and Greenwell cases and certifying the Noble-Sigler case to the Supreme Court as being in conflict with the case of Arnold v. Worth County Drainage District, 234 S. W. 349, an opinion by the Kansas City Court of Appeals.

Without going into detail of the evidence in this case, we find that there is evidence upon which a trier of the

fact could find that the defendant had diverted the waters of Black River in the construction of its drainage project so as to damage plaintiffs' land, and we hold that the Inter-River Drainage District may be sued by these plaintiffs whose land is damaged by the overflow, such land not lying or being within the drainage district, and the damage necessarily resulting from the construction of the levee and borrow-pit. We, therefore, affirm the judgment, but as the result of this opinion is in conflict with the case of Arnold v. Worth County Drainage District, 234 S. W. 349, the cause is certified to the Supreme Court for final determination. *Cox, P. J.,* and *Bradley, J.,* concur.