[Sac. No. 156.   Department Two.—May 25, 1897.]

## THE PEOPLE ex rel. J. VAN LOBEN SELS, Appellant, *v.* RECLAMATION DISTRICT NO. 551, Respondent.

Quo Warranto—Incorporation of Reclamation District—Parties—Query.—Whether an action of *quo warranto* can be maintained to test the right of a reclamation district to be a corporation, held questionable, but not decided, no objection having been made for lack of proper parties.

Id.—Insufficient Ground for Action—Inclusion of Lands in Former Districts not Subsisting Corporations.—The fact that a reclamation district incorporated under section 3446 of the Political Code includes lands which were included in former reclamation districts is not ground for an action of *quo warranto*, where it appears that such former districts were not valid and subsisting corporations at the time of its incorporation.

Id.—Act of 1861—Constitutional Law—Notice to Owners.—Viewing the act of 1861 as designed to make a reclamation district established thereunder a public corporation, which could subject the lands therein to taxation, it was unconstitutional and void, because the district was organized upon the application of the owners of one-third of the land, without notice to the owners of other lands.

Id.—Districts under Act of 1861 not Public Corporations—Control of State Board—Quasi Corporations—Public Agencies—Cessation—Repeal of Act.—The districts marked out under the act of 1861 were not public corporations, and had no more resemblance to them than benefited districts assessed for local improvements, being without any autonomy, and subject to the control of state officers; and if they can be viewed as *quasi* corporations, they were without local or municipal government, and were merely special organizations formed to perform certain work which the state required or permitted to be done, and to which it gave a degree of discretion in making the improvements contemplated, and were public agencies which would cease to exist when the policy of the state was changed so that they were no longer required, or when there was no further function for them to perform, and were terminated by the repeal of the act of 1861.

Id.—Repeal of Act for Incorporation of District—Power of Legislature—Dissolution of Corporation.—The legislature has power to

repeal an act providing for the incorporation of a reclamation district as a body politic and corporate, and for the clothing of it with full corporate powers, and such repeal is effectual, whether there was a corporate body formed thereunder or not, there being no limitation in the constitution upon the power of the legislature to dissolve such a corporation.

ID.—RECLAMATION DISTRICTS NOT MUNICIPAL CORPORATIONS—CONSTITU-TIONAL LAW—PROPERTY QUALIFICATION OF VOTERS—ELECTIVE FRAN-CHISE INAPPLICABLE.—Reclamation districts are not municipal corporations, and no one is a voter therein in the sense of section 24 of article I, and section 1 of article II of the constitution; nor is their organization rendered invalid because votes for trustees of the district are allowed to be cast in proportion to the ownership of property therein, but that those who are specially interested and who must pay for the improvement, are heard upon the question as to whether it shall be done, and are permitted to appoint those who shall superintend it, is not unusual, nor would it constitute an exercise of the elective franchise.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.   A. P. CATLIN, Judge.

THE judgment of the Superior Court adjudged that the defendant Reclamation District No. 551 is a public corporation, legally organized and existing under the laws of the state of California, and legally entitled to exercise corporate functions and powers under the laws of the state relating to the reclamation of swamp and overflowed lands, and all the powers and franchises properly belonging to such corporation.   A motion for a new trial of the action, made on behalf of the plaintiff, was denied.   The appeal is by the plaintiff.   Further facts are stated in the opinion of the court.

*W. F. Fitzgerald, Attorney General, Johnson & Johnson,* and *Olney & Olney,* for Appellants.

A reclamation district is a public corporation for municipal purposes.   (*Swamp Land Dist.* v. *Silver,* 98 Cal. 51; *In re Madera Irr. Dist.,* 92 Cal. 315, 361; 27 Am. St. Rep. 106; *People* v. *Reclamation Dist.,* 53 Cal. 346; *Dean* v. *Davis,* 51 Cal. 406; *Reclamation Dist.* v. *Gray,* 95 Cal. 601; *People* v. *La Rue,* 67 Cal. 526; *People* v. *Williams,* 56 Cal. 647; *Central Irr. Dist.* v. *De Lappe,* 79 Cal. 351; *Reclamation Dist.* v. *Hagar,* 66 Cal. 56, 57; *Hagar* v. *Su-*

*pervisors of Yolo County*, 47 Cal. 234, 235.) The creation of a reclamation district may be shown by acts recognizing its existence. (*Swamp Land Dist.* v. *Silver, supra; People* v. *Reclamation Dist., supra; Dean* v. *Davis*, 51 Cal. 406.) Swamp land district No. 2 has been repeatedly recognized by the legislature. (Stats. 1862, p. 151; Stats. 1863, p. 468; Stats. 1865-66, p. 799; Stats. 1867–68, pp. 127, 507, 566; Stats. 1869–70, p. 127; Stats. 1871–72, p. 854.) It had power to reorganize under the code (Pol. Code, sec. 3489), but the code does not apply to districts not reorganizing under it. (*Reclamation Dist.* v. *Kennedy*, 58 Cal. 124; *Swamp Land Dist.* v. *Haggin*, 64 Cal. 204.) The legislature had no power to destroy district 205 by special legislation. (Const., art. IV, sec. 25, subd. 33, art. XI, sec. 6; *People* v. *Common Council*, 85 Cal. 369; *Bloss* v. *Lewis*, 109 Cal. 493; *In re City of Denver*, 18 Colo. 288 *Denman* v. *Broderick*, 111 Cal. 96.) The law for the establishment of reclamation districts is void, because prescribing a property qualification for voters. (Pol. Code, sec. 3491; Const., art. I, sec. 24, art. II, sec. 1; *In re Madera Irr. Dist., supra; Allison* v. *Blake*, 57 N. J. L. 6; *Coffin* v. *Board of Election Commrs.*, 97 Mich. 188.)

*W. A. Gett, Jr.*, for Respondent.

The act of 1861 was unconstitutional and void. (*Brandenstein* v. *Hoke*, 101 Cal. 131.) Any organization of swamp land district No. 2 was set aside by the repeal of the act of 1861, and by not organizing under the Green act. (Stats. 1867–68, sec. 43, p. 507.) The legislative repeal of the act organizing reclamation district No. 205 (Stats. 1880, p. 25) was effective to destroy that district. (Cooley's Constitutional Limitations, 6th ed., 228; Dillon on Municipal Corporations, 4th ed., secs. 54, 65; *Swamp Land Dist. 150* v. *Silver*, 98 Cal. 54; *Barnes* v. *District of Columbia*, 91 U. S. 544; Sutherland on Statutory Construction, sec. 162; *People* v. *Sassovich*, 29 Cal. 482.) Allowing property owners in a reclamation district to vote according to their ownership is matter of legislative discretion, and is not unconstitu-

tional.  (*In re Madera Irr. Dist.*, 92 Cal. 320; 27 Am. St. Rep. 106; Dillon on Municipal Corporations, sec. 100; *Dean* v. *Davis*, 51 Cal. 406.)

Temple, J.—This is an action of *quo warranto*, in which the only defendant is the corporation whose right to be a corporation is called in question.  Whether such an action can be maintained is questionable (*People* v. *Stanford*, 77 Cal. 360), but as no objection is made for lack of the proper parties, and the question is of public interest, we will not raise the question ourselves.

The defendant claims to be a reclamation district organized under the provisions of the Political Code.  It does not claim to have been organized under section 3481 of that code, but by presenting to the board of supervisors the petition required by section 3446 and by a compliance with the provisions applicable to the conditions shown in such a petition.  The relator contends that the lands included within the defendant district were, at the time of its alleged organization, included within another valid and subsisting reclamation district, and, since the provisions of the code applicable to an organization which includes lands already within a reclamation district were not followed, defendant was not legally organized.

It is averred in the complaint that the lands included in the defendant reclamation district were included in swamp land district No. 2, and that the latter then was a valid existing public corporation for reclamation purposes.

1. The first reply to this is, that the act of 1861 is unconstitutional and void, because the district was organized upon the application of the owners of one-third of the land without notice to the owners of other lands. If the board was authorized or required to organize a public corporation upon such an application, which could subject the lands to taxation, there would be great force in the suggestion.  The case would be within the decision reached in *Brandenstein* v. *Hoke*, 101 Cal. 131.

Whether the same rule would apply, although the power to expend money and levy assessments was not given to a public corporation, but was reposed in a state board of commissioners, it is not necessary here to inquire.

This naturally brings us to the next proposition made on behalf of the defendant.

2. The districts marked out under the act of 1861 were not public corporations. They were merely tracts of land susceptible of one mode of reclamation, for which, because of this fact, specific work was to be done by the state board, who were, under certain contingencies, to assess the cost upon the lands of the district. They had no more resemblance to public corporations than benefited districts, which are assessed under our laws for local improvements—such as opening, widening, and grading streets.

Section 4381 of the Political Code provides a mode in which owners of land in reclamation or swamp land districts may reorganize portions of such districts. Nothing is said about public corporations. If there were swamp land districts which were not corporations, the act would apply to them as well as to those which had some kind of autonomy and were corporations. The point seems to be that the act of 1861 has been repealed, and there is no agency now provided by which the work contemplated under the original organization can be carried on, and if it was not a corporation, it has ceased to exist.

The act of 1861 created a state board for the reclamation of swamp and overflowed lands. Such board was required, upon the petition of the owners of one-third in acreage of any tract of swamp and overflowed land susceptible of one mode of reclamation, to cause surveys to be made and a plan of the proposed work made. Upon their approval of the plan, they advertised for bids, and a contract for the work might be let—the work to be done under the supervision of an engineer to be appointed by the board. The copies of all surveys, field notes, plats, plans, specifications, profiles, charts, and

all other papers made by the engineer, were declared to be the property of the state.

When any work was done, the account therefor was first to be approved by the commissioners, and then submitted to the state board of examiners, and when paid was so paid out of the state swamp land fund. The commissioners had jurisdiction throughout the state, and were state officers. The district had no autonomy whatever, and nothing was done in its name, or by any board or officer, as officers of the district. No one could act for it or bind it in any way. The charges were paid by the state from the proceeds of the sale of swamp lands within the district, or, if the cost exceeded that amount, it was made a charge against the land within the district. No powers whatever were conferred upon the district or upon any officer thereof, nor was any duty imposed upon anyone which implied that a corporation had been created.

The district was not organized in any sense of the word. There was nothing to which corporate powers could be attributed. It had no board, no agency, and no managers. The legislature, through its creative power, might have called into existence some agency for the district, and endowed it with corporate powers, but it never did so. None of the numerous acts referred to attempt to do anything of the kind.

Counsel say district No. 2 cannot, in the respects material here, be discriminated from district No. 5, which was considered in *Dean* v. *Davis,* 51 Cal. 410. It is not important now to consider the statute under which that case arose. It is asserted in the opinion there that the district was organized, which would not be true as to this district; that it was endowed with many of the powers of a natural person—this had no such powers; that it could make contracts, incur debts, issue bonds, levy and collect assessments, and have perpetual succession. Whether these things could properly be said of district No. 5 or not, they are not true of the district now under consideration. That district

was not organized under the same statute, but under one which differed in many respects from this. I think this district had no attribute or quality whatever of a corporation of any kind.

But if it should be considered a *quasi* corporation or a public corporation for municipal purposes, as reclamation districts have been said to be, it would make no difference. If these districts can be said to be corporations at all, I think they are properly called public corporations for municipal purposes. That phrase means no more than that they are state organizations for state purposes. They certainly are not municipal corporations in the strict sense. Dillon defines a municipal corporation to be the incorporation, by the authority of the government, of the inhabitants of a particular place or district, and authorizing them, in their corporate capacity, to exercise subordinate specified powers of legislation and regulation with respect to their local concerns. He says: "This power of local government is the distinctive purpose and distinguishing feature of a municipal corporation proper." Many other definitions have been given, but all include as essential a territory which is a portion of the state and the inhabitants thereof, and the purpose to furnish local government for such inhabitants and such territory. The law does not require inhabitants in a swamp land district, nor, in fact, to constitute a reclamation district, under the code. I have no doubt many districts have been formed in which there were no residents, and, if there are residents within a district, the organization in no way affects them as residents. Those who own no land within the district are not affected by the organiztion at all. The owners, and the only ones affected by the formation of a district, may be nonresident aliens. Residents, as such, have no voice in the management of the supposed corporation. There is no local government beyond that exercised over a specific district whenever street work is done, and property owners are charged with the cost thereof. There is the specified

work, its superintendence, and the assessment for the cost in each.

Certainly, these districts were not municipal corporations, as that term is used in the constitution, and I think it equally clear that they do not belong to any class of corporations defined in the Civil Code. Section 284 reads: "Corporations are either public or private. Public corporations are formed or organized for the government of a portion of the state. All other corporations are private."

These districts, in my opinion, belong to neither of these classes. They are special organizations, formed to perform certain work, which the policy of the state requires or permits to be done, and to which the state has given a certain degree of discretion in making the improvements contemplated. They are described by Dillon in his work on Municipal Corporations, sections 24, 25, and 26. He calls them *quasi* corporations. Perhaps it would have been more accurate to say that they are not corporations at all, but are so classed because many of the presumptions and rules which apply to corporations have been made applicable to them. They are public agencies, which would cease to exist when the policy of the state has changed so that they are no longer required, or when there is no further function for them to perform. And there is nothing in the constitution relating to municipal corporations which would prevent the state from so changing its policy as to put them out of existence. Swamp land district No. 2 did not, therefore, continue to exist as a corporation—conceding that it had ever been one—after the policy which called it into being had changed so that there was no longer any place for it in the policy of the state.

We now come to reclamation district No. 205. Both parties admit that the act of the legislature specifically forming this district was valid. It was passed in 1878, and included all the land that is now included in the defendant corporation. It was repealed in 1880, if the

legislature could then repeal it. If the foregoing discussion as to the nature of these corporations be correct, then certainly counsel have not pointed out the limitation in the constitution which would prevent it.

The statute creating the district (Stats. 1878, p. 911) declares that it shall be "a body politic and corporate, under the name of 'Reclamation District Two Hundred and Five,' under which name they shall hereafter make contracts and shall sue and be sued; and they shall also possess all the powers that are now possessed, or which may hereafter be possessed, by any reclamation district formed under the laws of this state." The statute further provides that the owners of land shall elect a board of trustees, and that the board of supervisors shall designate the place where the election shall take place. The answer denies that the alleged corporation had ever been a valid and subsisting corporation. The findings either contain no finding upon the issue, or find against the plaintiff. The bill of exceptions contains no evidence which tends to show that the reclamation district authorized by the act was ever in fact organized. No existing organization was recognized in the act, and thereby made a corporation. No person or body was named who should exercise corporate powers. No entity was brought into existence by the act, but an organization was provided for, and the owners of the land were declared to be a body politic and corporate. Whether, under such circumstances, the land described could be said to be within an existing reclamation district may be questioned. I think, however, the repeal was effectual. There is certainly no express limitation to be found in the constitution, and the legislative power is plenary except as limited in that instrument. Evidently it is not a case in which a general law can be made applicable. A general law providing a method in which those interested may cause a corporation to be dissolved would not meet the case. It was a public agency called into existence to construct a public work—to do something which the

general policy of the state required to be done. The state changes its policy, revokes the agency, and thereby ends the corporation which existed only for that purpose.

There is no express limitation to be found in the constitution upon the power of the legislature to dissolve a municipal corporation—if we were to concede this to be one. It has been held that an express prohibition against the formation of such corporations by special laws is not a limitation upon the power of the legislature to dissolve them by such laws. (*Luehrman* v. *Taxing Dist.*, 2 Lea, 425.) The provisions which may possibly imply such a limitation refer expressly, not to municipal corporations, but to cities and towns.

The attorney general also contends that the entire law in regard to reclamation districts is void, because it requires a property qualification for voters. (Const., art. II, sec. 1; also art. I, sec. 24.)

If these *quasi* corporations are municipal corporations designed to provide for local self-government, I see no answer to this suggestion. The point seems to be sustained by the decision in *In re Madera Irr. Dist.*, 92 Cal. 320; 27 Am. St. Rep. 106. There is a difference however, between an irrigation district under the Wright act and the reclamation districts. In my opinion, these latter districts are not municipal corporations, and no one is a voter in the sense of the constitutional provisions. Certainly, there can be no electors when there are no residents within the district. The district, as already said, was part of a scheme for conducting a public work, and not for self-government. In regard to street work and other local improvements, it has often been provided that the work shall only be done upon the application of the owners of a majority of frontage, or of a certain proportion of the owners of land; and, if the law had provided that the owners could elect a committee of their number to superintend the work, I do not see how it could change the principle. This could not constitute an exercise of the elective franchise,

which is the matter to which the constitutional provisions have reference. The general public has an interest in the reclamation of swamp and overflowed land. Nevertheless, it is one of those public enterprises which results in a benefit to private lands, and therefore the cost is made a charge upon such land. That those who are specially interested and who must pay for the improvement are heard upon the question as to whether it shall be done, and are permitted to appoint those who shall superintend it, is not unusual, nor would it constitute an exercise of the elective franchise.

The order is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.