[Sac. No. 322.  Department Two.—May 31, 1898.]

## MARY A. HENSLEY, Appellant, v. RECLAMATION DISTRICT NO. 556, Respondent.

RECLAMATION DISTRICT—PUBLIC AGENCY—NONLIABILITY TO ACTION.—Reclamation districts organized under the provisions of the Political Code, are public agencies, and, if considered as corporations, have only such powers and liabilities as are prescribed by the law which creates them, which does not prescribe that they may be sued; and no action against a reclamation district can be entertained. It has no property out of which a judgment could be satisfied, and has no power to levy assessments for any purpose other than works of reclamation; and neither its trustees nor its commissioners could be compelled by mandamus to levy assessments to pay a judgment against it.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

Stearns & Elliott, for Appellant.

W. A. Gett, Jr., for Respondent.

McFARLAND, J.—The court below sustained a general demurrer to the complaint, and rendered judgment for defendant. From this judgment plaintiff appeals.

It is averred that defendant is a corporation organized and existing "under and by virtue of the Political Code of the state of California, made and provided for the formation and organization of reclamation districts"; and that plaintiff is the owner of a certain tract of land included within the district for the reclamation of which defendant was organized. The gist of the alleged cause of action is, that while the defendant was bringing a "ditcher" upon the land of plaintiff for the purpose of constructing a canal through said land, the defendant "negligently and carelessly cut through a levee upon said land of plaintiff . . . . and negligently and carelessly destroyed a certain trough or sump connected with the pumping plant of said plaintiff, . . . . and thereby prevented said plaintiff from drawing off

from said land the water which annually collected thereon during the wet season," and that "by reason of such negligence of defendant" water collected and remained on said land and destroyed a number of fruit trees, to plaintiff's damage in the sum of five thousand and seventy-one dollars and fifty cents. There is a second count in the complaint; but the cause of the alleged damage in both counts is that defendant, in proceeding to take a dredger onto the land for the purpose of excavating the canal, negligently allowed the dredger to cut a levee, and thus injured a pumping plant of plaintiff so that she was afterward unable to free her land from water by said pumping plant. The alleged damage does not seem to be consequential to the work which the defendant was engaged in, namely, making the canal, but was the result of a preliminary act, namely, taking the dredger to the place where the work of making the canal was to be done.

There is a great deal of discussion in the briefs about the responsibility of municipal corporations for damage done by the careless acts of their agents; but it does not seem to be necessary to consider those questions here. Reclamation districts have been organized in this state under various statutes, and the provisions of these statutes have differed materially from each other. In some of them much greater powers were given the district, and much greater liabilities imposed than in others. This matter is quite fully discussed in the opinion of Mr. Justice Temple in *People v. Reclamation Dist. No. 551,* 117 Cal. 114. In the case at bar the only averment pointing to the character, power, and liabilities of the respondent is that it was organized under the provisions of the Political Code. It is not necessary to determine whether or not districts formed under the Political Code can be properly called corporations. They have been called quasi public corporations. They are at least "public agencies." (*People v. Reclamation Dist. No. 551, supra.*) But, if considered corporations, they have only such powers and have only such liabilities as are prescribed by the law which creates them. They are not corporations organized under the provisions of the Civil Code. Their characters are determined by the provisions of the Political Code, from which they derive whatever legal existence they have. The law which creates them does not anywhere pro-

vide that they may be sued; and they can sue only for one purpose, that is to collect assessments. There is no provision for perpetual succession, and there are only two or three usual powers of a corporation granted them. If a judgment against a district could be enforced at all, it could be enforced only as against individual owners of land in the district, many of whom are brought into the district against their will; for a district may be formed upon petition of only one-half of the landholders within it. The district has no property out of which a judgment could be satisfied. It is in its essential character a mere agency. Now it is admitted by appellant that, "if a judgment cannot be collected, it is idle for the court to entertain the action"; and it is quite apparent that in this case no judgment against the respondent could be collected. As before stated, it has no property, and it could obtain means to satisfy a judgment only by levying assessments upon the lands of the district. But it has no power to levy assessments for that purpose. It is given power to levy assessments and issue warrants for one purpose only, namely, "for the works of reclamation." (Pol. Code, secs. 3456-59.) Neither its trustees nor its commissioners could be compelled by *mandamus* to levy assessments to pay such a judgment as is prayed for in the case at bar. This view is determinative of the case against the appellant; and it is not necessary to notice other questions discussed by counsel. Whether or not appellant would have a cause of action against individuals for the alleged acts of negligence complained of is a question which does not here arise.

The judgment appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.