PEOPLE ex rel. SILVA v. LEVEE DIST. NO. 6 OF SUTTER COUNTY et al.*

Sac. No. 687; December 20, 1900.

63 Pac. 342.

A Levee District was Organized Under Act of March 25, 1868 (Stats. 1867–68, p. 316), providing a method for the organization of such districts, and, such act being declared void as to the method of organization, the legislature, by act of March 30, 1872 (Stats. 1871–72, p. 734), recognized the existence of such district. Held, that such

*For subsequent opinion in bank, see 131 Cal. 30, 63 Pac. 676.

legislative recognition gave legal existence to such district, though it was irregularly created, since the legislature, having power to create such districts, on the law under which it was created being held invalid could give it legal existence by positive recognition.

Levee District.—Act of March 31, 1891 (Stats. 1891, p. 235), providing a new form of government for a certain levee district, is not violative of constitution, article 11, section 6, and article 12, section 1, declaring that neither municipal nor private corporations shall be created by special laws, since such levee districts are neither municipal nor private corporations, but are mere governmental agencies having certain of the attributes and functions of corporations.

Levee District.—Act of March 31, 1891 (Stats. 1891, p. 235), providing a new form of government for a levee district, does not contravene constitution, article 4, section 25, subdivision 3, forbidding the enactment of local or special laws if a general law can be made applicable, since it was a question for the legislature whether a general law was applicable, and its determination of the necessity for a special law will not be interfered with.

APPEAL from Superior Court, Sutter County; E. A. Davis, Judge.

Quo warranto, on the relation of John F. Silva, against levee district No. 6 of Sutter county and others. Judgment for defendants, and relator appeals. Affirmed.

Attorney General Ford, Hart & Aram and Kirby S. Mahon for appellant; W. H. Carlin and M. E. Sanborn for respondents.

HENSHAW, J.—This is a proceeding in quo warranto to test the legal existence of levee district No. 6. The other defendants are the officers of the district. The case was heard and determined upon an agreed statement of facts, which are the findings in the case. Upon these facts judgment was rendered for defendants, and plaintiff appeals.

Levee district No. 6 was organized under the act of March 25, 1868 (Stats. 1867–68, p. 316). By virtue of that act levee district No. 1 was created, and there was provided a scheme for the organization and government of other levee districts which might thereafter be formed. But section 21 of the act, setting forth the method of organization for such districts, has been declared unconstitutional and void: Moulton v. Parks, 64 Cal. 183, 30 Pac. 613; Brandenstein v. Hoke, 101 Cal. 134, 35 Pac. 562. It follows, therefore, and is con-

ceded, that the organization of levee district No. 6, effected under section 21 of the act of March 25, 1868, was irregular and void. Notwithstanding this fatal irregularity in its organization, the legislature made distinct recognition of the existence of the district by an act approved March 30, 1872 (Stats. 1871–72, p. 734), and again by acts approved March 31, 1891 (Stats. 1891, p. 235, and Stats. 1891, p. 237). The first of these acts of recognition was passed under the constitution of 1849, and the latter two under the present constitution. That they are positive acts of recognition sufficient to invest the district with the functions and attributes which it had assumed to exercise under the law of 1868 may not be doubted, under the authority of People v. Reclamation Dist. No. 108, 53 Cal. 346, and Reclamation Dist. No. 108 v. Gray, 95 Cal. 605, 30 Pac. 779, unless it can be said that the legislature itself was without power so to validate the existence of a levee district thus irregularly organized. This is the contention of appellant. But legislative action in such matters is only circumscribed by the express limitations of the constitution. It is not questioned but that in the first instance, by direct enactment, the legislature could have carved out levee district No. 6 precisely as it did in the case of levee district No. 1. Where the exercise of a particular power is limited by the constitution, the legislature must act in the mode prescribed. But, where there is no such limitation, if the legislature shall prescribe a mode for its exercise which is, perchance, illegal, it may by subsequent ratification or recognition validate the acts done under the irregular mode. To illustrate, the present constitution forbids the creation of corporations for municipal purposes, except by general law. A special law creating a special municipal corporation would be violative of this constitutional inhibition, and no subsequent act of ratification or recognition by the legislature could validate that which in the first instance it had no power to do. But under the constitution of 1849 corporations for municipal purposes could be created by special law. If, then, the legislature, acting under that constitution, should so by special law create a municipal corporation, and for some reason the law lacked validity, the legislature, having the power thus to create the corporation, could by ratification or recognition of its corporate existence erect it into a valid municipality. If, then, levee district No. 6 be considered as

a corporation (a matter inviting later attention), it was a corporation created for municipal purposes, and, notwithstanding this irregularity of its creation, the legislature could, as it did, give it a legal existence by its positive acts of recognition.

But appellant still further contends that levee district No. 6 was a corporation for municipal purposes under the act of 1868 and the act of 1872 recognizing its existence; that a new and distinct organization was perfected for it under the act of March 31, 1891, passed under the present constitution; that the district elected to come under this act, and to exercise the corporate functions provided for by the act; that the act itself is void; and that therefore the district is improperly exercising corporate functions, from using which it should be restrained. Since levee district No. 6 was a legal entity before the passage of the act of March, 1891, if that act be itself void it would not interfere with the legal existence of levee district No. 6; and the utmost which the court could do would be to require it to exercise the powers which it had theretofore enjoyed under the act of 1868, and the acts amendatory thereto, and restrain it from exercising any new rights or powers under the act of 1891. But, upon the other hand, respondent insists upon the validity of the act of 1891, and upon its right to exercise the powers conferred upon it by that act, and thus a further consideration of the question is demanded.

Appellant's argument against the validity of the act of March 31, 1891, is that levee district No. 6 is a corporation for municipal purposes; that, under the constitution, corporations for municipal purposes shall not be created by special laws; and that the act of March 31, 1891, dealing as it does with levee district No. 6 alone, and providing a new form of government for it, is a special law. Article 12, section 1, of the constitution, having reference to private corporations, provides that they may be formed under general laws, but shall not be created by a special act. Article 11, section 6, of the constitution declares that corporations for municipal purposes shall not be created by special laws. The act of 1891 is unquestionably a special law. If levee district No. 6 be a corporation, it is certainly not a private corporation, and must come under the designation of article 11, section 6—"a corporation for municipal purposes." And if it be a

corporation for municipal purposes, within the meaning of that article and section, then, indubitably, the act of March, 1891, forcing upon a levee district a new, distinct and different organization, is special and inhibited legislation. But is levee district No. 6 a corporation for municipal purposes, within the meaning of the constitution, or is levee district No. 6, in strictness, a corporation at all? Expressions will be found in the cases where such organizations have been designated ''corporations for municipal purposes,'' or ''public corporations,'' or ''corporations for public purposes,'' but these were convenient phrases of designation and description, rather than judicial declarations as to the nature and character of these agencies. The first question propounded is conclusively answered by People v. Reclamation Dist. No. 551, 117 Cal. 114, 48 Pac. 1016. It is there held that a reclamation district, conceding it to be a corporation, is not a corporation for municipal purposes within the meaning of the constitution. But, as such levee districts or reclamation districts are distinctly not private corporations, it must follow that, if they be corporations, they are corporations in a class by themselves; and the general powers of the legislature for their creation, organization and control are in no wise limited by the constitution of the state. The second question is likewise answered in People v. Reclamation Dist No. 551. This court there said, speaking through Mr. Justice Temple: ''These districts, in my opinion, belong to neither of these classes [public or private corporations]. They are special organizations, formed to perform certain work which the policy of the state requires or permits to be done, and to which the state has given a certain degree of discretion in making the improvements contemplated. They are described by Dillon in his work on Municipal Corporations (sections 24–26). He calls them quasi corporations. Perhaps it would have been more accurate to say that they are not corporations at all, but are so classed because many of the presumptions and rules which apply to corporations have been made applicable to them. They are public agencies, which would cease to exist when the policy of the state has changed so that they are no longer required, or when there is no further function for them to perform. And there is nothing in the constitution relating to municipal corporations which would prevent the state from so changing its policy as to put them

out of existence.'' We think that what was thus tentatively expressed in the above quotation is a strict and accurate definition of the character of these organizations. The designation of them by Dillon as quasi corporations is, in itself, a distinct denial that they are corporations. They are governmental agencies—mere mandatories—having certain of the attributes and functions of a corporation, but, in strictness, not corporations at all. They are created to perform certain work for lands districted, for the benefits to be received. Their work accomplished, they cease to exist. They have grown up out of our new conditions and progressive civilization. It is concluded, therefore, upon this point, that levee district No. 6 is not a corporation, and that the constitutional inhibition against creating corporations, private or municipal, by a special law, has no applicability. Nor can it be perceived how the act of 1891 contravenes the provisions of article 4, section 25, subdivision 3, which forbids the legislature to pass local or special laws in cases where the general law can be made applicable. We would not overthrow the act of a co-ordinate branch of the government under this provision unless it clearly appears that a general law could be made applicable. Considering the nature and duties of such districts, it might well be that, for the proper performance of their work, the powers to be conferred or duties imposed upon one would have no value if imposed upon another, or, if imposed upon all, might work injury to the many, while conferring benefits upon the few. It is a case, as was that of People v. McFadden, 81 Cal. 489, 15 Am. St. Rep. 66, 22 Pac. 851, where the legislative determination of the necessity for a special law will not here be interfered with. The judgment appealed from is therefore affirmed.

We concur: Temple. J.; McFarland, J.