[Sac. No. 843.   Department One. — November 9, 1901.]

## RECLAMATION DISTRICT No. 551, Respondent, v. COUNTY OF SACRAMENTO, Appellant.

Taxation — Property of Reclamation District — State Agency — Property of State — State and County Taxes. — A reclamation district is a public agency of the state; and property acquired thereby, which is indispensable to the execution of its objects, is public property of the state, within the meaning of the constitution, and is exempt from state and county taxes as such.

Id. — Construction of Political Code — State not Bound by General Words. — The state is not bound by general words in the Political Code upon the subject of taxation, which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it.

APPEAL from a judgment of the Superior Court of Sacramento County.   Joseph W. Hughes, Judge.

The facts are stated in the opinion.

C. W. Baker, District Attorney, for Appellant.

Shinn & Catlin, for Respondent.

CHIPMAN, C. — Action to recover money paid under protest for taxes levied and assessed by defendant upon the property of plaintiff.   A general demurrer to the complaint was overruled, and defendant declining to answer, plaintiff had judgment, from which defendant appeals.   Plaintiff is a reclamation district duly organized for the purpose of reclaiming certain swamp and overflowed lands.   It is alleged in the complaint that plaintiff is the owner of seven acres of land (describing it); "that said land was purchased and paid for by plaintiff with money procured by an assessment levied upon the lands in said district; that for the purpose of reclaiming and draining the swamp and overflowed lands in said district, it is necessary to maintain a pumping plant and canals to convey the water thereto; that, in 1894, plaintiff purchased said land, and constructed thereon, at great expense, a pumping plant for said purposes, and excavated canals across said lands to convey the water to said pumps, and at all times has used and now uses said pumps and canals for the purpose of draining the

water from said swamp and overflowed lands; that said land is necessary to plaintiff for said purposes."

The demurrer concedes these allegations to be true. The sole question presented is, whether property acquired by a reclamation district as necessary and indispensable to the execution of its objects is subject to taxation for state and county purposes. Section 1 of article XIII of the constitution declares that "all property in the state, not exempt under the laws of the United States, shall be taxed in proportion to its value, . . . provided . . . [that] property used exclusively for public schools, and such as may belong to the United States, this state, or to any county or municipal corporation within this state, shall be exempt from taxation."

Appellant's contention is, that a reclamation district is not a municipal corporation, and hence its property does not fall within the exceptions of the above provision of the constitution. Plaintiff was organized under the provisions of sections 3446 et seq. of the Political Code. In was held in *People* v. *Reclamation District No. 551*, 117 Cal. 114, that these districts are not municipal corporations, as that term is used in the constitution, nor do they come within the class of corporations defined by section 284 of the Civil Code. It was said: "They are special organizations, formed to perform certain work, which the policy of the state requires or permits to be done, and to which the state has given a certain degree of discretion in making the improvements contemplated." Again: "They are public agencies, which would cease to exist when the policy of the state has changed so that they are no longer required, or when there is no further function for them to perform."

Referring to Mr. Dillon's designation of them as quasi-corporations, it was said: "Perhaps it would have been more accurate to say that they are not corporations at all." *Hensley* v. *Reclamation District No. 556*, 121 Cal. 96, was an action against the district for damages sounding in tort. It was held that the action would not lie; that these districts "have only such powers and have only such liabilities as are prescribed by the law which creates them. . . . Their characters are determined by the provisions of the Political Code, from which they derive whatever legal existence they have. The law which creates them does not anywhere provide that they may be sued." It was said that a judgment could not be enforced against a district, for "it has no property out of which a judgment could be

satisfied. It is, in its essential character, a mere agency. . . . Neither its trustees nor its commissioners could be compelled by *mandamus* to levy assessments to pay such a judgment as is prayed for in the case at bar." ·

· The swamp and overflowed lands of this state require different methods of reclamation. In some instances the land may be entirely reclaimed by a series of drainage ditches through and over the land reclaimed, draining by gravity the surplus waters into some river or other outlet. In other instances the entire body of land is inclosed by embankments to exclude the overflow of creeks and rivers, and the seepage water and rainfall is removed by pumping apparatus. In other cases, both drainage by ditches and by pumping is resorted to. Section 3471 of the Political Code authorizes the trustees to acquire by purchase or condemnation "rights of way for canals, drains, embankments, and other work necessary to the reclamation, and may take materials for the construction, maintenance, and repair thereof, from lands outside of as well as within the limits of the district; and if the trustees cannot procure the consent of the owner of the lands or material needed, they . . . may proceed" to condemn. The cost of any such acquisition would be a charge upon the land of the district, to be paid as provided by the law. But when acquired, these works constitute a part of the system of reclamation called into existence by state agency in furtherance of the trust under which the grant of swamp and overflowed lands was made to the state. The history of this grant, and the nature and character of this trust, have been often referred to in decisions of this court, and were fully stated in *County of Kings* v. *County of Tulare*, 119 Cal. 509. It is not necessary to hold this property, thus acquired, to be the property of a municipal corporation, in order to make it exempt from taxation. It would be sufficient to hold that it is public property of the state, within the meaning of the constitution. The whole scheme of reclamation originates with the state, and is carried to a conclusion by agents of the state,— the district, as we have already seen, being a public agency,— in furtherance of public policy. The property mentioned in section 3471 of the Political Code is public property, acquired by the agents of the state, for state purposes, and we think is exempt from taxation, as such. There is no power given the district to levy assessments, except "for the works of reclamation." (*Hensley* v. *Reclamation District No. 556*, 121 Cal. 96.)

The trustees have no money which they can apply to pay county and state taxes levied and assessed upon the works of the district, and they have no power to levy assessments to raise money for any such purpose. The land belonging to the purchasers from the state is enhanced in value by its reclamation, and this enhanced value is presumably carried into the assessment roll, and is taxed against the owner of the land. To allow the county to assess the works—i. e., the canals, ditches, drains, embankments, pumping plants, etc.,—for general taxation purposes might lead to the sale of the works of reclamation and the ultimate destruction or abandonment of an important undertaking of the state. But, aside from this view of the matter, the county assessed this property, not by virtue of the constitution, but under the provisions of the Political Code relating to the assessment of property for taxation. (Pol. Code, secs. 3607 et seq.)

The principle of construction was stated in *Mayrhofer* v. *Board of Education*, 89 Cal. 110,[1] to be, "that the state is not bound by general words in a statute which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it." This principle has been applied, and the Mayrhofer case has been approved in a variety of cases, and, we think, should rule the present case. (*Bates* v. *County of Santa Barbara*, 90 Cal. 543; *Whittaker* v. *County of Tuolumne*, 96 Cal. 100; *Skelly* v. *School District*, 103 Cal. 652; *Smith* v. *Broderick*, 107 Cal. 644;[2] *County of Colusa* v. *County of Glenn*, 117 Cal. 434; *Russ & Sons* v. *Crichton*, 117 Cal. 695; *Witter* v. *Mission School District*, 121 Cal. 350;[3] *Estate of Royer*, 123 Cal. 614; *Savings etc. Society* v. *San Francisco*, 131 Cal. 356.)

The judgment should be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.            Harrison, J., Garoutte, J., Van Dyke, J.

---

[1] 23 Am. St. Rep. 451.

[2] 48 Am. St. Rep. 167.

[3] 66 Am. St. Rep. 33.