[Sac. No. 2572.   In Bank.—June 25, 1917.]

F. S. BETTENCOURT, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and HARTFORD ACCIDENT AND INDEMNITY COMPANY (a Corporation), Respondents.

[Sac. No. 2573.   In Bank.—June 25, 1917.]

RECLAMATION DISTRICT No. 900, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, HARTFORD ACCIDENT AND INDEMNITY COMPANY (a Corporation), and F. S. BETTENCOURT, Respondents.

PUBLIC CORPORATIONS DEFINED.—Under section 284 of the Civil Code, public corporations are only those corporations formed for political and governmental purposes, and vested with political and governmental powers.

RECLAMATION DISTRICT NOT A PUBLIC CORPORATION.—A reclamation district is not a public corporation. It is merely a governmental mandatory or agent vested with limited powers to accomplish limited and specified work.

ID.—WORKMEN'S COMPENSATION ACT—RECLAMATION DISTRICT NOT SUB-
JECT TO ACT.—A reclamation district is not a "public corporation,"
as that term is used in the Workmen's Compensation Act, and, as an
employer of labor, it is not subject to the provisions of such act;
and the Industrial Accident Commission has no jurisdiction to award
compensation against it for an injury to its employee.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

O. G. Hopkins, for Petitioner Bettencourt.

John T. Pigott, for Petitioner Reclamation District No. 900.

Jesse H. Steinhart, for Respondent Hartford Accident and Indemnity Company.

Christopher M. Bradley, and Warren H. Pillsbury, for Respondent Industrial Accident Commission.

HENSHAW, J.—The Industrial Accident Commission made its award in favor of one Bettencourt, the award being based on injuries which admittedly he sustained while in the employ of Reclamation District No. 900. The district has petitioned for a review of the proceedings, presenting several material propositions for consideration. Only one of these, however, calls for determination, as that determination will be decisive of the controversy. It is conceded that Bettencourt's wages were paid by the district and that he was employed by the district, but these concessions in no wise determine the liability of the district. That determination rests upon the language of the Workmen's Compensation Act as applied to an employer of the character of this district.

Section 13 of the Workmen's Compensation Act as it read at the time Bettencourt sustained his injury defined employers as follows: "The term 'employer' as used in sections 12 to 35, inclusive, of this act shall be construed to mean: The state, and each county, city and county, city, school district and all public corporations therein, and every person, firm, voluntary association, and private corporation (including any public service corporation) who has any per-

son in service," etc.  It is manifest that this definition was advisedly and carefully framed, as much to include those who were meant to be included as to exclude those who were meant to be excluded.  The state itself and all its political subdivisions existing at the time the act was adopted are all named.  Districts, as such, were necessarily in the minds of the framers of this definition, since a district of a particular kind, namely, a school district, is expressly designated.  And to the end that if there should be created by law any new forms, classes, or kinds of "public corporations," there might be no doubt but that they were included, as well as all public corporations which were specifically enumerated, it was in terms added and decreed that all such after-created public corporations came within the definition of "employer." But a "public corporation" is a descriptive term not only of well-recognized meaning, but of absolute legal definition. Section 284 of the Civil Code defines public corporations as follows: "Public corporations are formed or organized for the government of a portion of the state."  Public corporations, therefore, under the controlling definition of the law are those corporations formed for political and governmental purposes and vested with political and governmental powers.  There is another class, for convenience of description, called *quasi*-public corporations, and such of those as are engaged in public service are included in this definition to remove the possibility of misunderstanding and contention. But reclamation districts organized as was this petitioner possess no political nor governmental powers, are not organized for political or governmental purposes, and are therefore not public corporations at all.  Indeed, they are not in strictness corporations, public or private, but governmental mandatories or agents vested with limited powers to accomplish limited and specific work.  Such has been the frequent and unvarying decision of the courts of this state. (*People* v. *Reclamation Dist. No. 551*, 117 Cal. 114, [48 Pac. 1016] ; *Hensley* v. *Reclamation Dist. No. 556*, 121 Cal. 96, [53 Pac. 401] ; *People* v. *Levee Dist.*, 131 Cal. 30, [63 Pac. 676] ; *Reclamation Dist. No. 551* v. *Sacramento*, 134 Cal. 477, [66 Pac. 668] ; *San Francisco Sav. Union* v. *Reclamation Dist.*, 144 Cal. 639, [79 Pac. 374] ; *People* v. *Sacramento Drainage Dist.*, 155 Cal. 373, [103 Pac. 207] ; *Reclamation Dist. No. 70* v. *Birks*, 159 Cal. 233, [113 Pac. 170] ; *Reclama-*

*tion Dist. No. 70* v. *Sherman,* 11 Cal. App. 399, [105 Pac. 277].) In *People* v. *Reclamation Dist. No. 551,* 117 Cal. 114, [48 Pac. 1016], it is said: "Certainly these districts were not municipal corporations, as that term is used in the Constitution, and I think it equally clear that they do not belong to any class of corporations defined in the Civil Code. Section 284 reads: 'Corporations are either public or private. Public corporations are formed or organized for the government of a portion of the state; all other corporations are private.'" In *Reclamation Dist. No. 70* v. *Birks, supra,* it is said: "In *People* v. *Sacramento Drainage Dist.,* 155 Cal. 373, [103 Pac. 207], the question of the political character of these reclamation districts is discussed in the light of the former decisions of this court, and it is held that they are, in strictness, not corporations at all, but *quasi* corporations, 'rather governmental agencies to carry out a specific purpose, the agency ceasing with the accomplishment of the purpose.'" Of significance also is the fact that in this state are many districts similar in character to reclamation districts, levee districts, swamp-land districts, drainage districts, protection districts, no one of which class is enumerated, while school districts are specifically named. Of all such districts and their characters the legislature, as it created many and provided for the creation of all, was fully advised, and it appears too plain for discussion that the omission to include these districts was with the design of excluding them. Further confirmation, if needed, is furnished by the language of the Workmen's Compensation, Insurance and Safety Act (Stats. 1913, p. 279). Section 46 of that act makes provision as follows: "Each county, city and county, city, school district or other public corporation within the state may insure against its liability for compensation . . . and the premium therefor shall be a proper charge against the general fund of each such political subdivision of the state." Here is a construction by the legislature itself of its own definition of employer. It uses the precise language of section 13 above quoted in defining employer, and provides that the premium for insurance shall be a "proper charge against the *general fund* of each such *political subdivision* of the state." A reclamation district is not a political subdivision of the state. A reclamation district has no general fund. Still further, it is quite a reasonable

view to say that the design of the legislature in excluding reclamation districts arose from the fact. that they are empowered to raise money only for the benefit of lands within the district (*Reclamation Dist.* v. *Goldman,* 65 Cal. 635, [4 Pac. 676]), and that their activities are vitally directed to the reclamation and bringing into use of agricultural lands. So as the employers of agricultural labor are in terms exempted from the operation of the act, it is reasonable to conclude that the same thought based upon the same reasoning controlled the framers of this law in excluding reclamation districts. But however this may be, it is too plain to admit of question that they are excluded, and the award is therefore annulled and the proceeding under Bettencourt's petition is dismissed.

Sloss, J., Shaw, J., Melvin, J., and Angellotti, C. J., concurred.