[Sac. No. 4740. In Bank.—July 24, 1934.]

KNIGHTS LANDING RIDGE DRAINAGE DISTRICT, Respondent, v. RECLAMATION DISTRICT No. 730, Defendant; EMMA SNOWBALL et al., Interveners and Appellants.

Devlin & Devlin & Diepenbrock and H. B. Wulff for Interveners and Appellants.

Arthur C. Huston, Jr., and Rutledge & Rutledge for Respondent.

WASTE, C. J.—This court granted a petition for rehearing in the above-entitled cause, one of four consolidated cases (Sac. Nos. 4737, 4738, 4739 and 4740), decided on March 1, 1934. A full discussion of the facts involved in this cause and the situation of the parties is contained in the decision in the other three causes, *supra* [*Hawley* v. *Reclamation Dist. No. 730*, 220 Cal. 271 (30 Pac. [2d] 505)], and need not be here repeated.

Two questions only need be discussed in determining this cause. First, whether or not, under the provisions of section 3456c of the Political Code, the lands and rights of way of the plaintiff, Knights Landing Ridge Drainage District, can be assessed by the defendant, Reclamation District No. 730, within the bounds of which reclamation district the lands of plaintiff are situate.

When the commissioners viewed the lands in Reclamation District No. 730, and spread assessment number 4 according to the benefits accruing from the work of repair, maintenance and raising the height of the river levee, they laid no assessment against the property of the drainage district. Those lands consisted wholly of a strip of land 375 feet on either side of a center line, and constituted the easement and right of way for, and were occupied by, the drainage canal and its banks maintained by the drainage district. The board of supervisors, however, when it re-apportioned the assessment made by the commissioners, ordered that the sum of $5,000 be levied and assessed against the land so occupied. The trial court found that no benefit would accrue to the lands by reason of the expenditure of the money for which the assessment was levied, and also found that the land was dedicated to the public use and purpose, and is so used and occupied for such use, as required by the act of the legislature creating the drainage district. It accordingly annulled the resolution and order of the board of supervisors levying the assessment.

The relevant portion of section 3456c of the Political Code is: "Assessments levied by any reclamation district formed or operating under the provisions of this article (Art. II of Chapter I of Title VIII relating to 'property of the state') shall include all lands and rights of way lying within said district and owned by the state of California, or by any city, city and county, county, public corporation, or any utility district formed under the laws of the state of California, except school districts. The assessments upon such lands or rights of way shall be levied in proportion to the benefits that will accrue to such lands or rights of way in the same manner as assessments are levied upon other lands or rights of way within said district." The drainage district contends that it does not come within the designation of any body or entity mentioned in the section. Appellants

concede that the district is not a public corporation nor a utility district, but contend that it is a public mandatory or governmental agency of the state. In other words, in effect the state itself. Therefore they contend that the land is owned by the state of California, and is assessable as such. In support of their contention, they cite the decision of the District Court of Appeal in *Western Assur. Co.* v. *Sacramento & San Joaquin Drainage District,* 72 Cal. App. 68, 74 [237 Pac. 59]. The district there being considered is identical in its organization and purposes with the Knights Landing Ridge Drainage District here involved, in that both districts were organized to carry on a part of the flood control program of the state. Each district was organized under a special statute and embraced within its territorial limits more than one reclamation district. The court there held that the drainage district in question was "a public mandatory or governmental agency of the state—indeed, the state itself". The name "drainage district" is not used in section 3456c, *supra,* specifying what lands and rights of way may be included in assessments. The question, therefore, is whether or not the legislature, by the enactment of the section, intended to refer to and include within its provisions such districts as the plaintiff district, and to provide that its rights of way and land necessary therefor can be assessed by the reclamation district within its borders.

The whole scheme of reclamation originates with the state and is carried to a conclusion by agencies of the state— the districts—in furtherance of public policy, and the property of such districts acquired thereby which is indispensable to the execution of its objects is public property of the state. (*Reclamation District No. 551* v. *County of Sacramento,* 134 Cal. 477, 479 [66 Pac. 668]; see, also, *People* v. *Richards,* 86 Cal. App. 86, 92 [260 Pac. 582].) We therefore see no legal reason why the state cannot permit property such as that owned by the drainage district to be assessed for benefits, if there be any, that may arise from reclamation projects such as that leading to the assessment levied by the defendant, Reclamation District No. 730, in this case.

The second question to be determined is whether or not the assessment levied and assessed by order of the board of supervisors upon the lands of the Knights Landing Ridge

Drainage District was spread in accordance with any benefits derived from the project involved. The strip of land owned by the drainage district on which the assessment was sought to be impressed consists of 312 acres comprising the right of way of the canal and its protecting banks or levees. Other than references in the briefs and a description of the area of the right of way for the canal, neither party has pointed to any evidence as to the nature or condition of the land. There are terms used by civil engineers who were witnesses in the cause from which we gather that the drainage district canal lies between large and substantial levees constructed in accordance with the best accepted practice, and which would not be endangered or affected by a break in the river levee being constructed by the reclamation district, and consequently would not be injured if the river levee was not raised. The commissioners who levied the assessment in the first instance testified that in their opinion no benefit would result to the lands of the drainage district from the works being constructed by the reclamation district. That conclusion appears to be borne out by the testimony of civil engineers of long experience who testified in the cause. The trial court found that "the amount of the assessment and charge made and apportioned by the board of supervisors on the lands of plaintiff [Drainage District] over and across which plaintiff has said easement and right of way for said canal and banks as aforesaid is in excess of the benefits and any benefit that has or will accrue or be derived by said plaintiff . . . and in excess of the benefit or any benefit that will accrue to said plaintiff or to said land or to the said right of way, easement or works of said plaintiff or any of the same by the carrying out of said plans of said [Reclamation] District". It therefore annulled the resolution and order of the board of supervisors levying the assessment, and annulled the assessment so apportioned against the land and rights of way of plaintiff. Judgment was entered accordingly. The findings negative the idea that the lands, rights of way, canal and banks of the drainage district on which the assessment was levied and spread by the board of supervisors, received or could receive any benefit from the reclamation work done by District No. 730, and which was the basis of the assessment. There was evidence in the record and testimony

supporting the findings which, in turn, support the judgment.

The judgment is affirmed.

Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.